RANDOLPH, Justice, for the Court.
¶ 1. Pursuant to Rule 12 of the Rules of Discipline for the Mississippi State Bar, Robbie K. Asher brings his “Petition for Reinstatement to the Privilege of Practicing Law in the State of Mississippi” before this Court. On September 21, 1995, this Court affirmed the decision of a Mississippi Supreme Court complaint tribunal which imposed an eighteen-month suspension against Asher for violations of Rules 1.3, 1.4(a) and (b), and 8.4(a), (c) and (d) of the Mississippi Rules of Professional Conduct. See Asher v. The Mississippi Bar, 661 So.2d 722, 732 (Miss.1995) (Cause Number 94-BA-00324-SCT). Thereafter, in Cause Number 95-B-329, Asher was suspended for sixty days, to run consecutively to the suspension imposed in Cause Number 94-BA-00324-SCT, for violating Rule 8.1(b) of the Mississippi Rules of Professional Conduct. Subsequently, this Court has once dismissed, and once denied, Asher’s petitions for reinstatement. Following its own investigation into Ash-er’s present petition, the Mississippi Bar (“Bar”) declared its opposition to his reinstatement.
FACTS
¶ 2. This Court’s factual summary of the events surrounding Asher’s suspension in Cause Number 94-BA-00324-SCT provides, in part, that: *955 [o]n November 7, 1991, [Asher] was hired by Mr. Edwin Haber to file a complaint in the Chancery Court of Hancock County to remove a cloud on the title to certain property.... Haber inquired several times as to whether [Asher] had filed the complaint and after numerous inquiries, [Asher] provided Haber with a copy of what purported to be the first page of the complaint to remove cloud on the title. This document allegedly had been filed in the Hancock [County] Chancery Court. While this document was allegedly signed by the clerk as filed on November 5, 1991, the cause number was illegible.[1] Further, the facts as developed reveal that [Asher]: 1) forged the clerk’s signature; 2) obtained the stamp of the court and rolled the date back to November 5, 1991; and 3) actually stamped the alleged complaint as filed.[2] ... [Asher] never filed an actual complaint to remove the cloud on the title in the Hancock County Chancery Court. Subsequently and on April 14, 1992, Haber wrote [Asher] a letter whereby he fired [Asher] and also demanded that he be given his file. Inside the file was a complaint, stamped November 5, 1991, with cause number 22,622, and purportedly signed by the clerk and by [Asher], Haber took this file containing the complaint to the clerk’s office. He was once more informed that no such document was on record as filed in that court. The Mississippi Bar filed a formal complaint against [Asher] on September 14, 1993....
A trial before the complaint tribunal was conducted on January 24, 1994. During the course of the trial, [Asher] essentially admitted his actions as set forth above with regard to his representation of Haber....
[Asher] did not dispute Haber’s allegations and admitted that the document stamped as a filed copy of the complaint to remove cloud on title came from his office, he stated that he did not remember providing this document to Haber. ... [Asher] admitted that he had signed/forged the deputy clerk’s signature on the document while in his office ....
[Asher] in his closing statement before the tribunal, admitted that he had made a mistake and stated he had attempted to explain his actions to the best of his recollection. [Asher] further stated that he had his life better together and that this type of action would never be taken again. He apologized for the inconvenience he caused [Haber] and ultimately requested that the tribunal have “a little leniency in any determination that you make regarding punishment.” [Asher] further stated:
I know the crime I — well, not the crime, but the offense that I did is serious and it was very bad. It was— it was one of the worst things you could do, basically deceit and abusing the trust that I had gotten with the chancery clerk’s office and with the court itself. I violated that trust....
The Bar in closing offered Exhibit 9, a copy of an informal admonition that was rendered against [Asher] in 1989.
The ruling of the tribunal, now before this Court, imposed an eighteen month suspension on [Asher].
*956 Asher, 661 So.2d at 724-26. The suspension was based upon Asher’s violation of Rules 1.3,[3] 1.4(a) and (b),[4] and 8.4(a), (c) and (d)[5] of the Mississippi Rules of Professional Conduct. See id. at 724. On appeal,[6] this Court affirmed the eighteen-month suspension, finding that:
[Asher] actively misrepresented his client. Not only did he fail to file the complaint, he lied about it being filed and then proceeded to paint a picture of it having been filed. [Asher] went so far in actively misrepresenting his client that he fraudulently used the clerk’s stamp, rolled the date back and further forged the clerk’s signature.
Id. at 732.
¶ 3. On November 10, 1995, this Court ordered Asher to pay the Bar, within thirty days, $189.67 for costs and expenses incurred in Cause Number 94-BA-00324-SCT. Thereafter, in Cause Number 95-B-329, this Court suspended Asher for sixty days, to run consecutively to the suspension imposed in Cause Number 94-BA-00324-SCT, for violating Rule 8.1(b) of the Mississippi Rules of Professional Conduct.[7] See In re Asher, 733 So.2d 815, 815 (Miss.1999). Asher’s violation was based upon his failure to respond to a lawful demand for information from a disciplinary authority by not complying with the November 10, 1995, order of this Court.[8] However, the suspension in Cause Number 95-B-329 would have been stayed if, among other conditions, Asher had provided a written apology to the Bar and the complaint tribunal for conducting an un *957 necessary hearing on October 23, 1995. Asher failed to meet this requirement.[9]
¶ 4. On June 18, 1998, in Cause Number 98-BR-00191-SCT, this Court granted the Bar’s motion to dismiss Asher’s petition for reinstatement. On March 4, 1999, in Cause Number 98-BR-01367-SCT, this Court denied Asher’s following petition for reinstatement, “agreeing] with the Bar that serious concerns remain as to whether Asher possesses the requisite legal ability as well as the requisite moral character to be reinstated into the practice of law in the State of Mississippi.” In re Asher, 733 So.2d at 815. Specifically, this Court noted that:
approximately four months after Asher was suspended from the practice of law for misrepresentation, deceit, fraud and forgery, he made a misrepresentation on his Application for Real Estate Broker’s License. To the question as to whether he had ever had a license suspended or revoked, he incorrectly answered in the negative. Further, we have been provided with no documentation from Asher as to his compliance with Rule 12.5 of the Mississippi Rules of Discipline which requires that he take and successfully pass the Multi-State Professional Responsibility Examination with a score of not less than 80.
On several other occasions Asher has ignored rulings adverse to his interests. Asher was assessed with costs and expenses in the total amount of $490.86 which he neglected to pay until almost two years after the assessment. This assessment was the result of Cause No. 94-BA-324 and Cause No. 95-B-329. Asher failed to include any mention of Cause No. 95-B-329 in the present Petition for Reinstatement. In addition to being assessed with costs and expenses in this action, Asher was required to apologize, in writing, to the Bar and Tribunal for an unnecessary hearing. The Bar, apparently, never received said apology.
Id. at 815-16. In addition to denying Ash-er’s petition for reinstatement, this Court ordered that:
Asher continue to be suspended from the practice of law in the State of Mississippi for a period of not less than one year; that he be reinstated to practice only upon petition under the provisions of Rule 12 of the Mississippi Rules of Discipline; and that prior to reinstatement he take the Multi-State Professional Responsibility Examination and achieve a score as provided in Rule 12.5 of the Mississippi Rules of Discipline.
Id. at 816.
¶ 5. It was not until November 28, 2006, that Asher wrote a letter of apology to the Mississippi Bar, the complaint tribunal, and this Court. While admitting that “[t]he original court order requiring an apology was first entered by order of the Complaint Tribunal in 1995[,]” Asher stated that he previously declined because he “felt writing an apology to be demeaning....” Eleven years later, however, Asher offered “this apology to the Mississippi Bar and its members, the Mississippi Bar Complaint Tribunal and the Supreme Court for all bad judgment and impropriety I have committed in the past.”
¶ 6. Subsequently, on September 19, 2007, Asher filed his petition for reinstatement. On November 8, 2007, the Bar filed its Answer, stating its opposition to Ash-er’s reinstatement. The Bar avers that “while Asher may be remorseful for his *958 conduct, he has failed to acknowledge the seriousness of his misconduct.” Furthermore, the Bar declares Asher’s petition for reinstatement “fails to present the necessary substantive factual evidence rising to the level of a clear and convincing demonstration of rehabilitation to warrant his return to the practice of law.”
STANDARD OF REVIEW
¶ 7. This Court recently reiterated that it “has ‘exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys.’ In re Morrison, 819 So.2d 1181, 1183 (Miss.2001) (quoting In re Smith, 758 So.2d 396, 397 (Miss.1999)). We review the evidence in disciplinary matters de novo on a case-by-case basis as triers of fact. Id.” In re Kelly, 987 So.2d 925, 2008 WL 324403, 2008 Miss. LEXIS 86 at *8 (February 7, 2008) (emphasis added).
ANALYSIS
¶ 8. This Court has stated that:
[t]he reinstatement of suspended attorneys is governed by Mississippi Rule of Discipline 12. Burgin v. Miss. State Bar, 453 So.2d 689, 690 (Miss.1984). Rule 12 provides:
(a) No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.
(b) Reinstatement to the practice of law following any discipline shall be only upon proof of compliance with any such sanctions.
Miss. R. Disc. 12. In determining whether to grant reinstatement, “[t]he Court’s fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Steele, 722 So.2d 662, 664 (Miss.1998) (quoting In re Mathes, 653 So.2d 928, 929 (Miss.1995)). “The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner.” Burgin, 453 So.2d at 691 (citation omitted). A suspended attorney must demonstrate this by complying with the jurisdictional requirements of Rule 12. In re Benson, 890 So.2d 888, 890 (Miss.2004).
Five jurisdictional requirements apply to Rule 12 reinstatement petitions. Id. The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. Miss. R. Disc. 12.7; Id. This Court considers the Bar’s position as to reinstatement as a factor in determining whether to reinstate a suspended attorney. In re Holleman, 826 So.2d 1243, 1248 (Miss.2002) (citation omitted).
In re Kelly, 987 So.2d at 929, 2008 WL 324403 at *4, 2008 Miss. LEXIS 86 at *8-10 (emphasis added).

1. Cause for Suspension

1Í 9. In his petition for reinstatement, Asher lists the suspensions imposed in Cause Numbers 94-BA-00324-SCT and 95-B-329. With respect to the causes therefor, however, Asher merely lists the Mississippi Rules of Professional Conduct which he was found to have violated in each case. As such, the Bar asserts that the petition “fails to state in sufficient detail the causes for his two suspensions.
*959 Beyond stating the cause numbers and the rules of professional conduct that were violated, [Asher] does not provide any meaningful information as to the reasons why he was suspended from the practice of law.” As Asher simply referenced the Mississippi Rules of Professional Conduct involved, the Bar countered that Asher “lacked familiarity with the rules of professional conduct that he previously violated, leaving serious questions as to whether he understands the seriousness of the rules violations and whether, if reinstated, he would avoid committing similar professional misconduct in the future.”[10] As Asher merely listed the Mississippi Rules of Professional Conduct which he violated, and plainly failed to state the cause or causes for suspension, see In re Benson, 890 So.2d at 890, this Court concludes that Asher has not satisfied this requirement.

2. Pecuniary Loss

¶ 10. As the Bar concluded, Asher’s petition for reinstatement failed to “give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to his misconduct.” This Court finds that Asher had not satisfied this requirement.

3. Full Amends and Restitution

¶ 11. Regarding Cause Number 94-BA-00324-SCT, Asher claims that he immediately stopped practicing law in the State of Mississippi; notified clients, adverse parties, affected attorneys, courts, and agencies of his suspension within ten days of the order; and “returned all files, papers, monies and other properties belonging to his clients in his possession.”
However, Asher offered no documentation to prove this alleged compliance, and admittedly failed to file affidavits with this Court regarding the above.[11] As to this Court’s order in Cause Number 98-BR-01367-SCT, see In re Asher, 733 So.2d at 816, Asher maintains that he has complied, in that more than one year has elapsed since its entry on March 4, 1999; he has not practiced law in Mississippi or any other jurisdiction during this period; and he passed the Multi-State Professional Responsibility Examination. Finally, while admitting that he did not send his written apology to the Bar and complaint tribunal within the thirty days prescribed by this Court’s November 10,1995, order in Cause Number 95-B-329, Asher submits that he ultimately did send a written letter of apology, albeit more than eleven years late.
The Bar responds that Asher:
failed to address this requirement in his petition. [Asher] testified that he had paid all costs and expenses to the Bar related to his suspensions, but was unable to provide documentation in support. A review of the Bar records indicates that [Asher] presently does not owe the Bar for any costs and expenses related to his two suspensions.
¶ 12. While Asher should have addressed the payment of costs and expenses to the Bar in his petition for reinstatement, the Bar concedes that he has made restitution. As such, this Court concludes that Asher has satisfied the restitution requirement.

4.Moral Character

¶ 13. Asher maintains that he “has proven himself to be a responsible and *960 reliable individual, having earned the trust and respect of others.” In support of this assertion, Asher attached the following to his petition for reinstatement: a letter of appreciation from an individual to the supervisor of his present employer;[12] a thank-you card from another individual;[13] an e-mail from a separate individual thanking Asher for unidentified volunteer service; and thank-you correspondence from a public official regarding Asher’s participation in a “Red Beans and Rice Cookoff’ benefitting the American Red Cross.[14] Additionally, Asher testified to being involved with the United Way, donating clothes to Goodwill, helping a local church with clean-up following Hurricane Katrina, and “assisting] individuals and various relief organizations involving various activities due to the results of Hurricane Katrina.” A single letter regarding Asher’s moral character came from a former client.[15] According to the letter, since Asher was suspended, “[h]e has always displayed a very pleasant and positive attitude and a willingness to help others. He is highly respected in this community.” The Bar responds that:
[Asher] has failed to demonstrate that he has the necessary moral character for the practice of law. While [Asher] should be commended for the charitable work he has performed, he simply does not provide enough, information to indicate that he has shown a commitment to helping others during his time of suspension. Furthermore, ... [Asher’s] submission of only one (1) letter does not demonstrate a ringing endorsement from the public and legal community for his reinstatement to the practice of law.
¶ 14. This Court finds the Bar’s position compelling. Given the fact that more than eight and one-half years passed between this Court’s denial of Asher’s petition for reinstatement in Cause Number 98-BR-01367-SCT and the filing of Ash-er’s present petition for reinstatement, this Court finds the scant evidence of community service and single letter regarding moral character provided by Asher are contextually inadequate in view of the severity of Asher’s prior violations. In this Court’s estimation, Asher has failed to offer clear and convincing evidence to satisfy “[t]he burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement....” In re Kelly, 987 So.2d at 929, 2008 WL 324403 at *3, 2008 Miss. LEXIS 86 at *8-10 (quoting Burgin, 453 So.2d at 691). Therefore, this Court concludes that Asher has not satisfied this requirement.

5. Legal Learning

¶ 15. Asher asserts he has studied Mississippi case law, court rules and statutory law through textbooks, and constitutional law and criminal procedure via the United States Supreme Court website.[16] Moreover, he had been studying for the Bar *961 exam, after operating under the mistaken impression that this Court’s decision in Cause Number 98-BR-01367-SCT required him “to take the Bar exam, not just the multi-state professional responsibility exam.” According to Asher, this mistake arose from the fact that “when I received the judgment from the court [in Cause Number 98-BR-01367-SCT], I just read the final things saying ... suspended or whatever it said in the last sentence.” The Bar concluded that Asher “possesses the requisite legal learning for the practice of law.” This Court questions whether Asher has demonstrated the requisite legal education, given his repetitive failure to fully read and respond to this Court’s prior decisions regarding his own case, combined with the procedural deficiencies in the present petition. However, this Court accepts the Bar’s conclusion dubitante.
CONCLUSION
¶ 16. This Court finds that Asher has failed to satisfy the necessary requirements for reinstatement on both procedural and substantive grounds, and further has exhibited contemptuous behavior by failing to timely comply with sanctions earlier imposed upon him by this Court. That, in conjunction with the Bar’s opposition to reinstatement, leads this Court to conclude that Asher has not satisfied “[t]he burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement....” In re Kelly, 987 So.2d at 929, 2008 WL 324403 at *3, 2008 Miss. LEXIS 86 at *8-10 (quoting Burgin, 453 So.2d at 691). Therefore, this Court denies Asher’s petition for reinstatement.
¶ 17. ROBBIE K. ASHER’S PETITION FOR REINSTATEMENT TO THE PRIVILEGE OF PRACTICING LAW IN THE STATE OF MISSISSIPPI IS DENIED.
SMITH, C.J., WALLER AND DIAZ, P. JJ., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.

. According to Asher’s October 10, 2007, deposition, the Cause Number on the copy given to Haber was illegible, so as to prevent him from "tak[ing] the number on the cause, go[ing] to the clerk’s office and see[ing] that it wasn’t there.”

. Asher testified that he had access to the stamp of the court because “for several years prior to that time ... the clerk had given me a key to his office.... I could go over there after hours, which was real convenient for me to go to do title examination work.”

. Rule 1.3 states, “[a] lawyer shall act with reasonable diligence and promptness in representing a client.” M.R.P.C. 1.3.

. Rule 1.4 states that:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
M.R.P.C. 1.4.

. Rule 8.4 states, in pertinent part, that:
[i]t is professional misconduct for a lawyer to:
(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another; ...
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice....
M.R.P.C. 8.4.

. Asher’s appeal challenged the complaint procedure for Bar members, arguing that it violated the due process clauses of the United States and Mississippi Constitutions because it did not provide for a jury trial, did not provide for an appeal to any other court, and because members of the complaint tribunal are also members of the Mississippi Bar. See Asher, 661 So.2d at 724. Asher has since admitted that this appeal “contained completely frivolous and unfounded arguments, which I knew well I would not succeed on, but to buy time, I proceeded." (Emphasis added). Asher acknowledges that he "completely failed to take into consideration the imposition on the Court’s time and resources by requiring frivolous and thoughtless appeals.”

. Rule 8.1(b) states that:
[a]n applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.
M.R.P.C. 8.1(b).

. According to Asher, "I convinced myself that I was more important than this ... and that's why I didn’t pay it timely.”

. Asher’s present petition also provides that he "was suspended pursuant to Mississippi Code Annotated Section 73-3-127 for failure to pay dues to the Mississippi Bar for the year 1995 to 1996.”

. Specifically, Asher testified that he did not recall the specific rules he violated in Cause Number 94-BA-00324-SCT.

. According to Asher, he was unaware of this requirement because "I read the last sentence saying sustained, and that’s all I read on [this Court's decision]....” (Emphasis added).

. The letter commended the assistance received from "your employee, Robbie Berne....” (Emphasis added).

. Devoid of any context, the card simply states, "[t]hank you for your support and encouragement. Forever grateful to you Mr. Rob.”

. Asher testified that for the “Red Beans and Rice Cookoff,” he "cooked three big ole pots of red beans and gave them out.”

. As the Bar noted, "[a]t the deposition [Ash-er] testified that he sought support from five individuals, but that only one person ... chose to send in a letter.”

. Asher admittedly "has not attended Continuing Legal Education as required by Rule 3 of the Mississippi Rules and Regulations for Mandatory Continuing Legal Education.”