LAMAR, Justice,
for the Court:
¶ 1. John Allen Derivaux Jr. brings his Petition for Reinstatement to the Mississippi Bar following a two-year suspension. The Mississippi Bar v. J. Allen Derivaux, Jr., 167 So.3d 164 (Miss.2014) (Derivaux I). Because we find Derivaux has complied with the requirements for reinstatement and has demonstrated full rehabilitation along with the requisite moral character to practice, we accept the Bar’s recommendation and grant Derivaux’s petition.
FACTS & PROCEDURAL HISTORY
¶ 2. Derivaux is a resident of Vicksburg, where (prior to his suspension) he practiced law as a solo practitioner, focusing primarily in real estate, domestic relations, and youth-court representation. As a part of his real estate practice, Derivaux had a title agency agreement with a title insurance company which allowed him to write and sell title insurance. This agreement was terminated in January 2009, but Deri-vaux continued to hold himself out to lenders and third parties as a title insurance agent. He altered forms used in previous transactions by “cutting” and “pasting” information in such a way that the old forms appeared authentic. Derivaux then collected premiums for the fraudulent title insurance policies and placed these funds in his lawyer trust account. Consequently, the Bar initiated an action against Deri-vaux for violation of Mississippi Rules of Professional Conduct 1.15(b), 8.4(a), 8.4(b), 8.4(c), and 8.4(d).
¶ 3. The Mississippi Bar Complaint Tribunal initially ordered disbarment for Der-ivaux; though, following a Motion to Reconsider and a subsequent hearing, the Tribunal amended its decision and ordered Derivaux suspended from the practice of law for two years. The Mississippi State Bar appealed and this Court affirmed the two-year suspension, which began on November 18, 2011. Derivaux I, 167 So.3d 164.
¶ 4. After his two-year suspension expired, Derivaux filed his first Petition for Reinstatement in March 2014. The Bar filed a Motion to Dismiss the Petition, arguing that it was deficient under Mississippi Rule of Discipline 12.7 and Mississippi caselaw. This Court agreed with the Bar and determined that “Derivaux’s Petition also fail[ed] to demonstrate that he possess[ed] the requisite legal education to be reinstated.” Derivaux v. The Mississippi Bar, 144 So.3d 1246, 1249 (Miss.2014) (Derivaux II). Accordingly, this Court held that Derivaux’s petition did not satisfy the requirements “set forth in Rule 12.7 of the Mississippi Rules of Discipline” and granted the Bar’s Motion to Dismiss. Id.
¶ 5. Subsequently, Derivaux filed a second Petition for Reinstatement. In response, the Bar conducted an investigation to determine whether Derivaux was entitled to reinstatement. This investigation included a lengthy deposition of Derivaux. In its Answer, the Bar found that Deri-vaux had satisfied the burden of proof required by this Court to demonstrate that he is worthy of reinstatement.[1] Accordingly, the Bar supports Derivaux’s reinstatement.
*99 STANDARD OF REVIEW
¶ 6. This Court “has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys.” In re Morrison, 819 So.2d 1181, 1183 (Miss.2001) (quoting In re Smith, 758 So.2d 396, 397 (Miss.1999)). We review the evidence in disciplinary matters de novo, “on a case-by-case basis as triers of fact.” Id.
DISCUSSION
Derivaux’s Petition for Reinstatement fully satisfies the requirements set forth by Rule 12 of the Mississippi Rules of Discipline.
¶7. The fundamental issue in a reinstatement case is “whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed.” In re Steele, 722 So.2d 662, 664 (Miss.1998). The Petitioner bears the burden of proving by clear and convincing evidence that he has rehabilitated himself by complying with the requirements of Rule 12, which provides that:
(a) No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.
(b) Reinstatement to the practice of law following any discipline shall be only upon proof of compliance with any such sanctions.
Miss. R. Discipline 12(a)—(b). In re Petition of Benson for Reinstatement, 890 So.2d 888, 890 (Miss.2004). In Benson, we set forth five requirements which apply to Rule 12 reinstatement petitions. The Petitioner must demonstrate such rehabilitation by: (1) stating the cause or causes for suspension or disbarment, (2) providing the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to improper conduct, (3) making full amends and restitution, (4) showing requisite moral character for the practice of law, and (5) demonstrating the requisite legal education. Id. Further, this Court also will consider the Bar’s position as to reinstatement. Id.
I. Cause for Disbarment and Suspension
¶ 8. Derivaux’s petition fully (though succinctly) acknowledges the behavior which led to his suspension. He states that by forging title insurance binders, misrepresenting himself as a title agent to clients and third parties, and collecting premiums for nonexistent policies, he directly violated Mississippi Rules of Professional Conduct 8.4(d), 1.15, and 8.4(a). Further, as noted in the Mississippi Bar’s Answer to his petition, Derivaux testified about the actions which lead to his suspension, acknowledging the forgery and the duration of his participation in the fraud.
¶ 9. Through both his petition and deposition testimony, we find that Derivaux has satisfied this requirement.
II. Names and Addresses of Those Suffering Pecuniary Loss
¶ 10. Attached as an exhibit to his petition, Derivaux provided a list of the individuals who suffered pecuniary loss due to his misrepresentation, forgery, and collection of premiums for the nineteen policies and loan closings in question. These names are accompanied by physical addresses for each of the parties. Therefore, we find that Derivaux has satisfied this requirement.
III. Full Amends and Restitution to Those Suffering Pecuniary Loss
¶ 11. In its November 18, 2011, order, the Mississippi Bar Complaint Tribunal re *100 quired Derivaux to remit full restitution in the amount of $8,800: $7,884 -in funds for the premiums he improperly collected and the remaining amount to the Bar for fees related to an interpleader action filed by the Tribunal. Derivaux pleads that he timely deposited the required $8,800 with the Bar. In its answer, the Bar confirms that the funds were received and the matter was closed on February 13, 2013. As a result, we find that Derivaux has satisfied this requirement.
IV. Requisite Moral Character
¶ 12. In support of the fourth requirement, Derivaux describes (among other attributes) his activity as a civil servant prior to his suspension, including service as a Judge Advocate General Corps officer, his service in the United States Naval Reserve, and his position as a Vicksburg Municipal Court Judge. He also notes his active involvement in .the community, which resumed shortly after the sudden death of his wife in 2010. In its answer, the Bar organized further evidence of Der-ivaux’s requisite moral character in the following categories:
a. Charitable Activities
¶ 13. Throughout his deposition, Deri-vaux described active involvement with his church and other community organizations, much of which supports the interests of his five minor children. Derivaux testified that, after he was married, -he and his wife stopped attending church; though, following' his wife’s death, he returned,, to St. Paul’s Catholic Church, where he serves as an usher, a youth leader, and- a committee member. Through the church, he became active with the Knights of Columbus and Meals on Wheels. Further, he has assisted with a local chapter of the Cub Scouts, Vicksburg Catholic Schools’ Advisory Council, his child’s 'high school band booster club, and his daughter’s soccer team (as the parent coordinator).
b. Personal Recommendations
¶ 14, Derivaux’s petition includes forty-eight letters in support of his reinstatement to the practice of law. Attached to the Bar’s Answer are four additional letters it received prior to filing its response. These letters of support came from various sources: twenty-two practicing Vicksburg attorneys, including the District Attorney of Warren County and the Vicksburg City Attorney, two Mississippi-licensed attorneys living in Texas, the current Mayor of Vicksburg, two former mayors of Vicksburg, a circuit court employee and a municipal court employee, two clergy members, and several family members,' friends, former employers, and colléagües. In his deposition, Derivaux testified that each of these references was- made aware of the reason for his suspension prior -to drafting their letters.
• c. Personal Capacity
¶ Í5. As part of the suspension order, Derivaux was required to participate in the Lawyers and Judges Assistance Program (LJAP). Included in Derivaux’s petition is the Disciplinary Referral Contract initiating his participation in two years of discipline monitoring under the program. In a letter submitted by the Bar, Program Director Chip Glaze attested that Derivaux fully complied with all requirements of the program, including one-on-one counseling sessions with a program-approved psychiatrist. As of January 2016, Derivaux testified that he continues to meet with this psychiatrist, although it is no longer required.
d. Employment History Since Suspension
¶ 16. Since his suspension, Derivaux has engaged in various types of employment to support his children. Over the course of the past four school terms, he has worked as a substitute teacher at: Vicksburg High School (2012-2013), Vicks *101 burg Catholic School (2012-2015), Vicksburg Alternative School (2013-2014), and Warren Central High School (2012-2015). Additionally, Derivaux often worked for a landscaping company, completed handyman projects (i.e., carpentry and repair jobs), and managed rental properties. Derivaux also worked in a clerical capacity for an oil and gas landman, retrieving documents of oil ownership, and he prepared a title abstract for David Sessums. Deri-vaux did pot hold himself out as a lawyer or engage in the unauthorized practice of law. in any of these capacities.
¶ 17. Currently, Derivaux works as a high school theology and social studies teacher at Vicksburg Catholic School. He works full-time and is responsible for four classes.
. ¶ 18. Throughout his petition and in his deposition testimony, Derivaux not only candidly admits responsibility for the actions that led to his suspension but indicates a renewed commitment to his family, his community, and the legal profession. To substantiate these commitments, the Bar’s response points specifically to Deri-vaux’s community involvement—both in his current employment and his civic activities. Further, Derivaux’s treatment through LJAP and its approved psychiatrist have led both the program director and Derivaux’s therapist to conclude that it is unlikely he will ever resume the behaviors which ultimately led to his suspension. Accordingly, we find that Derivaux has shown sufficiently that he has the requisite moral character to practice law in Mississippi.
V. Requisite Legal Education for Reinstatement
¶ 19. Derivaux details through his petition and deposition testimony that he: (1) completed the Multi-State Professional Responsibility Exam (MPRE), achieving a passing score of 92, (2) participated in various Continuing Legal Education (OLE) seminars by which he accumulated forty-eight and one-half hours of credit, and (3) regularly reviews this Court’s hand-down list along with the Mississippi Code, advance sheets to stay current with Mississippi’s changing laws. As such, we find that Derivaux has satisfied this requirement.
CONCLUSION
¶ 20. We find that John Allen Derivaux Jr. has met his burden of proving to this Court by clear and convincing evidence that he exhibits both moral and professional rehabilitation (see Holmes v. Miss. Bar, 602 So.2d 847, 854 (Miss.1992)) as well as an “outward manifestation sufficient to convince a reasonable mind clearly that [he] has reformed.” Williams v. Miss. State Bar Ass’n, 492 So.2d 578, 580 (Miss.1986), His petition and deposition testimony fully satisfy the requirements of Mississippi Rule of Discipline Rule 12. Accordingly, this Court grants Derivaux’s Petition for Reinstatement. We also hold that, upon reinstatement to the Bar, Deri-vaux shall complete a Continuing Legal Education course related to law-office management that specifically addresses the management of a lawyer trust account, as recommended by the Bar. Derivaux shall work with the Bar to find a course which satisfies this requirement.
¶ 21. PETITION OF JOHN ALLEN DERIVAUX FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS CONDITIONALLY GRANTED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.

. The Bar cites Williams v. Mississippi State Bar Association, 492 So.2d 578, 580 (Miss.1986) (holding that a disbarred attorney had shown sufficient proof of facts which would justify reinstatement), in support of its finding.