BEAM, JUSTICE, FOR THE COURT:
¶ 1. Appellant Ermea J. Russell files a Petition for Reinstatement to the practice of law following a ten-month suspension. Because Russell's petition fails to meet the jurisdictional requirements for reinstatement, we deny her request.
FACTS & PROCEDURAL HISTORY
¶ 2. On July 10, 2015, Russell was suspended for ten months resulting from a Formal Complaint filed at the request of former clients. Based on nine separate informal complaints, the Mississippi Bar found that Russell had failed to provide representation for which she was hired, return client property, and properly withdraw from representation of her clients. These informal complaints indicated her lack of diligence and lack of communication regarding her clients' legal representation. Through its investigations, the Complaint Tribunal found seven violations of Rules 1.16(d), 1.2, 1.3, 1.4, and 8.1 of the Mississippi Rules of Professional Conduct, which resulted in her suspension.
¶ 3. Russell now files a Petition for Reinstatement pursuant to Rule 12 of the Mississippi Rules of Discipline.
STANDARD OF REVIEW
¶ 4. The attorney seeking reinstatement carries the burden of proving *138 that she has rehabilitated herself and has established the requisite moral character to reinstate her to the privilege of practicing law. Stewart v. The Mississippi Bar , 5 So.3d 344, 346 (Miss. 2008) (citing In re Holleman , 826 So.2d 1243, 1246 (Miss. 2002) ). This Court "has exclusive and inherent jurisdiction over matters regarding attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys." In re Morrison , 819 So.2d 1181, 1183 (Miss. 2001) (quoting In re Smith , 758 So.2d 396, 397 (Miss. 1999) ). We review the evidence in disciplinary matters de novo , "on a case-by-case basis of triers of fact." Morrison , 819 So.2d at 1183.
DISCUSSION
¶ 5. The issue before this Court is whether Russell satisfied the jurisdictional requirements to be reinstated to the practice of law. Reinstatement is based on "whether [the attorney] has rehabilitated [her]self in conduct and character since the suspension was imposed." In re Steele , 722 So.2d 662, 664 (Miss. 1998). The Petitioner bears the burden of proving by clear and convincing evidence that she has rehabilitated herself by complying with the requirements of Rule 12(a), which provides that no person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to this Court. In re Petition of Benson for Reinstatement , 890 So.2d 888, 890 (Miss. 2004) (citing Miss. R. D. 12(a)). In Benson , this Court articulated five requirements which apply to Rule 12 reinstatement petitions. A petitioner must demonstrate rehabilitation by:
1. stating the cause or causes for suspension or disbarment,
2. providing the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to improper conduct,
3. making full amends and restitution,
4. showing requisite moral character for the practice of law, and
5. demonstrating the requisite legal education.
Id. Additionally, "although not a jurisdictional requirement, we consider the Bar's position as to reinstatement as a factor in determining whether to grant the petition." Id.
I. Cause for Disbarment and Suspension
¶ 6. In her petition, Russell reiterates the rules she violated without an explanation or summary of her actions. She states in paragraph three of her petition that "[t]he Tribunal found the cause or causes of the suspension to be violation of Rule 1.16(d), and as such violation of Rule 1.2, 1.3, and 1.4 of the Mississippi Rules of Professional Conduct in addition to Rule 8.1." Aside from stating rules, Russell has not provided a meaningful explanation of her actions that led to suspension. This Court previously has held that a mere recitation of the rules violated is not sufficient to satisfy this jurisdictional requirement. In Re Asher , 987 So.2d 954, 959 (Miss. 2008). Further, while the petitioner is not required to give a meticulous account of her past indiscretions, she does have a responsibility to give us a clear description of what improper actions led to her disbarment. Benson , 890 So.2d at 890 (Miss. 2004) (finding that merely mentioning the act for which he pleaded guilty does not suffice in meeting this requirement).
¶ 7. In contrast, the petitioner in Derivaux v. The Mississippi Bar provided sufficient evidence to satisfy this requirement.
*139 Derivaux v. The Mississippi Bar , 226 So.3d 97, 2016 WL 4051347 (Miss. July 28, 2016). There, Derivaux states that by forging title insurance binders, misrepresenting himself as a title agent to clients and third parties, and collecting premiums for nonexistent policies, he directly violated the Rules of Professional Conduct, which led to his disbarment. Id. The Court found that Derivaux's thorough explanation provided sufficient evidence to satisfy this first requirement. Because Russell failed to provide a clear description of the improper actions that led to her suspension, she accordingly has failed to meet her burden. Therefore, we find that Russell has not satisfied this requirement.
II. Names and Addresses of Those Suffering Pecuniary Loss
¶ 8. Russell states within her petition that "she has received no communication regarding any claim of pecuniary loss due to the conduct resulting in her suspension, and is without knowledge of persons, parties, firms or legal entities who have made a claim of pecuniary loss in this matter." In its Motion to Dismiss, the Mississippi Bar argues that Russell fails to mention the Complaint Tribunal's finding that on five occasions she distributed the complaining parties' files to other attorneys and acted without regard to her clients' best interests. These actions create a high possibility that her clients suffered pecuniary loss in the form of attorneys' fees, court fees, and judgments, among others. With this possibility present, it is difficult for the Court to determine whether Russell has met this requirement.
¶ 9. Petitioners for reinstatement have the burden of proving they have met all the jurisdictional requirements. In re Shelton , 987 So.2d 938, 940 (Miss. 2008) (citing In Re Shelton II , 987 So.2d 898, 902 (Miss. 2006). Here, Russell provides no information indicating whether the conduct did not, may have, or eventually did cause her clients financial loss. Without any information regarding the existence or the lack of such loss, the Court is left with assessing the high likelihood of pecuniary loss based on the nine occasions submitted by the Complaint Tribunal. Because Russell did not provide clear and convincing evidence concerning the existence of pecuniary loss, she fails to satisfy this requirement.
III. Make Full Amends and Restitution
¶ 10. The only reference to amends and/or restitution in Russell's petition is found in paragraph seven. She states that the "respondent has paid all sums due the bar as assessed." Our decision in In re Baker provides the plain-meaning rule which defines what constitutes full amends and restitution. In re Baker , 649 So.2d 825, 828-29 (Miss. 1995). There, the Court held that the plain-meaning rule requires the disbarred attorney to make complete and total restitution to all parties who suffered pecuniary loss. Id. As addressed above, Russell did not provide clear and convincing evidence that her clients did not suffer pecuniary loss, therefore, this Court can not be confident that there was none at all. Consequently, there is no way to be sure that Russell has made full amends and restitution if we do not know whether her clients suffered pecuniary loss. We reiterate that "the attorney seeking reinstatement carries the burden of proving that he has rehabilitated himself." Holleman , 826 So.2d at 1246. We hold that, because Russell has failed to prove whether or not her clients suffered any pecuniary loss, she likewise has failed to prove that she made full amends and restitution, if necessary. Therefore, she failed to satisfy this requirement.
IV. Requisite Moral Character
¶ 11. In support of the fourth requirement, Russell describes her association *140 and involvement with several community organizations. Russell states that she has rehabilitated herself by being a "faithful member at church, serving as the chairman of the Military Guild and financial oversight committee." Also, she claims that she "serves as a member of the Outreach Ministry working with children of incarcerated parents." Further, Russell states that she is active in her sorority, engaging in educational enrichment activities with youth, family strengthening, health education and awareness promotion for Alzheimer's and heart disease. Russell also includes her services as a radio talk-show host on matters of interest to the public as well as her support and work with the Junior ROTC program in Jackson Public Schools. While Russell has provided a list of activities in which she engages, she provides the Court with no evidence of her involvement. The Mississippi Bar contends that general statements of rehabilitation followed by an unsupported list of activities purportedly engaged in since a suspension are not sufficient. Although not required, the Court finds that further proof of engagement is helpful in deciding whether a petitioner has met this requirement.
¶ 12. In Benson , the petitioner provided a list of his involvement but lacked proof to support the list. In re Petition of Benson for Reinstatement , 890 So.2d 888 (Miss. 2004). Benson stated that he was involved with local political campaigns, and that he had abstained from tobacco, drugs, alcohol, and gambling. Benson also attached his income tax statement and a list of names and addresses of more than two dozen character references. Benson, however, did not offer any letters of recommendation on his behalf, give any evidence of community service, or show any substantial verification of his employment since disbarment. The Court found that without further proof, Benson's attempt at demonstrating the necessary moral character for the practice was wholly insufficient. Similar to Benson, Russell provided a list but failed to provided any support.
¶ 13. In re McGuire provides an example in which this Court has found sufficient evidence to satisfy this requirement. In re McGuire , 912 So.2d 902 (Miss. 2005). In support of this requirement, McGuire showed an active, sustained effort to rehabilitate himself and to prove the requisite moral character for admission by providing not only a list of his memberships in church and organizations but also by attaching approximately sixty-six letters of recommendation to his petition. Id. at 903. The letters were provided by law-enforcement officers, former and current circuit and chancery clerk personnel, professional and business persons, and fellow members of his church. Based on the evidence provided in support of his list of activities, the Court found sufficient evidence to support McGuire's request under this requirement. Id.
¶ 14. This Court does not engage in determining what assignment of value should be given to each activity listed in the petition; however, the Court cannot determine whether this requirement has been met without evidence to support the list provided. Because Russell failed to provide evidence to support the list of activities in her petition, the Court finds Russell's attempt to demonstrate requisite moral character wholly insufficient.
V. Requisite Legal Education
¶ 15. The fifth jurisdictional requirement is to demonstrate requisite legal education to be reinstated to the privilege of practicing law. Under Rule 12 of the Mississippi Rules of Discipline, the disbarred attorneys who eventually wish to be reinstated have a responsibility to show a continuing *141 commitment to stay informed and competent in the practice of law. In support of this requirement, Russell asserts that she is a "perpetual learner and continues to read, study, and monitor legislation in the Mississippi Legislature." The Mississippi Bar contends that this claim fails to demonstrate the legal education required in order to be reinstated. Because studying and monitoring legislation in the Mississippi Legislature is not a sufficient means to establish that one has the requisite legal education to be reinstated to the practice of law, we find that Russell fails to meet this requirement.
¶ 16. In the case of In Re Petition of Parsons , the Court similarly found insufficient evidence is the petitioner's request. There, Parsons stated that, during the period of his disbarment, he had read various periodicals and articles concerning matters of legal interest to him. In re Petition of Parsons , 797 So.2d 203, 206 (Miss. 2000). As a result, the Court found that this information was insufficient to meet the legal learning requirement. Id. Likewise, Russell provides only information that she is a "perpetual learner" who monitors legislation of the Mississippi Legislature.
¶ 17. In contrast, the Court found sufficient evidence in Derivaux v. The Mississippi Bar . In that case, Derivaux detailed through his petition that he had passed the Multistate Professional Responsibility Examination with a score of ninety-two; participated in several CLEs, accumulating up to forty-eight hours, and regularly reviewed Mississippi Supreme Court opinions. In Derivaux , the Court found this requirement was met, as his attempts to stay informed were verifiable, diligent, and multifaceted. Derivaux , 226 So.3d at 100-01, 2016 WL 4051347, at *4. Accordingly, this Court finds that Russell has failed to meet this requirement.
CONCLUSION
¶ 18. We find that Ermea J. Russell has not successfully shown the Court that she has met the jurisdictional requirements outlined in Rule 12 of the Mississippi Rules of Discipline. As she has failed to meet these requirements, we are not convinced that Russell exhibits both the moral and professional rehabilitation necessary to be reinstated to the practice of law. As a result, we deny Russell's petition for reinstatement and bar the petitioner from filing another request for reinstatement until one year after the date of this decision, pursuant to Rule 12.6 of the Mississippi Rules of Discipline.
¶ 19. PETITION FOR REINSTATEMENT DENIED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN AND CHAMBERLIN, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.