MAXWELL, JUSTICE, FOR THE COURT:
¶ 1. John H. Anderson petitions for reinstatement to the practice of law following a six-month suspension. After review, we find his petition does not adequately state the cause for his suspension, which is a jurisdictional requirement for reinstatement.[1] We thus deny his petition for reinstatement.
Procedural History
¶ 2. On November 30, 2017, the Complaint Tribunal appointed by this Court found the Mississippi Bar had proved by clear and convincing evidence that Anderson had violated Mississippi Rule of Professional Conduct 8.1(b) by failing to respond to the Bar's lawful demands for information. The Complaint Tribunal further found Anderson had violated Rules 8.4(a) and (d) by committing misconduct in violation of the Rules of Professional Conduct and by engaging in conduct prejudicial to the administration of justice. The Tribunal suspended Anderson from the practice of law for six months.
¶ 3. The only way to be reinstated following a suspension of six months or longer is to petition this Court. Miss. R. Discipline 12(a). Anderson originally filed his petition on June 22, 2018. Because Anderson's petition fell short of the jurisdictional requirements of Rule 12.7, the Bar moved to dismiss it. See Miss. R. Discipline 12.7.
¶ 4. Anderson responded to the Bar's motion to dismiss with a motion to amend his petition. He attached his proposed amended petition to his motion. The Bar did not object to Anderson's amending his petition. Rather, it responded as if Anderson's petition had already been amended. But it still took the view that Anderson's petition, as amended, failed to contain the jurisdictional matters required by Rule 12.7. With no objection from the Bar, we deny its motion to dismiss Anderson's original petition filed June 22, 2018. And we grant Anderson's motion to amend and consider the amended petition he filed July 17, 2018.
Discussion
¶ 5. This Court has exclusive jurisdiction over attorney reinstatements and "review[s] the evidence in disciplinary matters de novo on a case-by-case basis as triers of fact." In re Benson , 890 So.2d 888, 889 (Miss. 2004). The petitioner carries the burden to prove by clear and convincing evidence "that he has rehabilitated himself and established the requisite moral character to entitle him to the privilege of practicing law." Id. (citing In re Holleman , 826 So.2d 1243, 1246 (Miss. 2002) ); Wong v. Miss. Bar , 5 So.3d 369, 371 (Miss. 2008).
¶ 6. "The petitioner must demonstrate this by meeting the jurisdictional requirements of Rule 12." In re Benson , 890 So.2d at 890. Rule 12 requires the petitioner to:
(1) state the cause or causes for suspension;
(2) give the name and current address of all persons, parties, firms, or legal *111 entities who suffered pecuniary loss due to the improper conduct;
(3) make full amends and restitution,
(4) show that he has the necessary moral character for the practice of law; and
(5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.
Id. Also, while not a jurisdictional requirement, this Court considers the Bar's position when deciding to grant or deny the petition for reinstatement. Id.
I. Cause for Suspension
¶ 7. Significantly, Anderson's amended petition does not state the cause for his suspension. Instead, it merely says he violated Rules 8.1(b), 8.4(a), and 8.4(d). But this Court has been clear-"a mere recitation of the rules is not sufficient to satisfy this jurisdictional requirement." Russell v. Miss. Bar , 255 So.3d 136, 137 (Miss. 2017) (citing In re Asher , 987 So.2d 954, 959 (Miss. 2008) ). In Russell , this Court concluded the suspended attorney had "not provided a meaningful explanation of her actions that led to her suspension." Id. The same is true for Anderson's amended petition.
¶ 8. Anderson did not provide the Court a copy of the Complaint Tribunal's order suspending him. Nor, in explaining why he was suspended, does he describe the actions that led to his client's filing an informal bar complaint, which in turn resulted in a formal bar complaint against him. Instead, he broadly attributes his suspension to his "failure to cooperate," which he claims was "multifaceted." Later in his petition, Anderson asserts "[t]hat while this has not been a single and isolated incident as far as discipline is concerned, the case which resulted in the suspension as well as the majority of the other incidents[2] have resulted from overextension and/or being overzealous."[3]
¶ 9. Though this may be true in a general sense, Anderson's petition "fail[s] to provide a clear description of the improper actions that led to [his] suspension." Russell , 255 So.3d at 137. The record from the disciplinary proceeding reveals that Anderson's client, Diane Keller, had filed an informal complaint after she received only $1,500 of what she thought was a $2,500 settlement for her minor son's personal-injury lawsuit.[4] Anderson never responded to the Bar's multiple requests for information regarding this complaint. But following a formal complaint, he did appear at a hearing before the Complaint Tribunal. And at that hearing Anderson admitted there had never really been a settlement. Instead, despite assuring Keller that her son's case was "going good," Anderson had failed to issue a summons and serve the defendant with the complaint. The action was dismissed for failure to prosecute. A year after dismissal, when Keller called for an update, Anderson reassured her the case was still "going good" and that he had $2,500 for her. Anderson then sent Keller a check from his personal bank account for $1,500, later claiming to the Tribunal that he had taken a forty *112 percent "contingency fee" from the "settlement."
¶ 10. In stating why he was suspended, Anderson makes no mention of the Keller matter and the actions leading to his being disciplined. Thus, he has not satisfied this jurisdictional requirement.
II. Names and Addresses of Those Who Suffered Pecuniary Loss and Amends and Restitution
¶ 11. Anderson does, however, reference Keller when addressing the next two jurisdictional requirements-giving the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, and making full amends and restitution. Anderson asserts "[t]he only person which [he] he believe[s] could have pecuniary loss, is the person filing the Informal Complaint"-i.e., Keller.[5] The Complaint Tribunal never found Keller had suffered any pecuniary loss. Nor did it order Anderson to pay Keller the $1,000 she had been led to believe she would receive. Anderson claims the Tribunal's "silen[ce] on this issue" left him "in a quandary as to any further need to pay any monies in an attempt to make [Keller] whole." So at the same time he filed his petition for reinstatement, Anderson forwarded Keller a personal check for $1,000 to "cover any amount which he believes could be in question" in order to address any issues regarding the full-amends and restitution requirement.
¶ 12. While Anderson may have intended to make amends, his subsequent actions do not negate his original misconduct. Based on Keller's informal complaint, the Bar originally suspected Anderson may have withheld client funds. But the disciplinary hearing revealed there were never any settlement funds in the first place. So Anderson's misconduct was not short-changing Keller on her non-existent settlement. It was his failing to prosecute her case, hiding that it had been dismissed, and then making her believe he had received a settlement on her behalf.
¶ 13. Sending Keller more money neither rectifies the underlying issue that led to suspension, nor does it evidence rehabilitation. In his cover letter to Keller, Anderson wrote, "I tend to recall discussion [sic] that you may have expected the entire Twenty Five Hundred Dollars ($2500.00) rather than the 60% or One Thousand Five Hundred ($1,500.00) which I forwarded you. " (Emphasis added.) In other words, Anderson perpetuates the misperception that the money he sent his client was a forwarded settlement payment from the defendant, instead of coming clean to Keller that her case was dismissed because he did not prosecute it.
¶ 14. While Anderson has not necessarily failed to meet these two jurisdictional requirements, his means of providing "restitution" to Keller-which essentially mirrored the actions that led to his suspension-sullies his petition for reinstatement.
III. Requisite Moral Character and Legal Education
¶ 15. Anderson has presented evidence that he has the requisite moral character and legal education to return to the practice of law-the last two jurisdictional requirements. In connection with Anderson's petition, several attorneys and clients have filed letters of support. From these letters, it appears Anderson is very well-meaning and sincere in his desire to help his clients by regaining his law license. Anderson has also attached certificates of completion *113 from several continuing-education seminars, evidencing his desire to stay current in his legal knowledge.
IV. Bar's Position
¶ 16. That said, in his amended petition, Anderson concedes that this most recent disciplinary action "has caused [him] to conclude that [he has] no place in the all day, everyday practice of law" and does "not desire to return to the same." Instead, he requests reinstatement merely "to return and attempt to finish the cases for persons who had sought my services prior to November 30, 2017."
¶ 17. In the Bar's view, Anderson appears to be seeking a "limited" license to work on a few non-contested matters that he was unable to complete before suspension. The Bar strongly opposes this request. Instead, the Bar asserts, "The license to practice law in this state is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters." Miss. R. Discipline, Grounds for Discipline. We agree with this notion and emphasize that there is no recognized manner for reinstatement to the practice of law on a limited basis.
Conclusion
¶ 18. Because Anderson's amended petition fails to meet the jurisdictional requirements of Rule 12, we deny his request for reinstatement.
¶ 19. PETITION OF JOHN HUBERT ANDERSON FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS DENIED.
WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.

Miss. R. Discipline 12.7; In re Benson , 890 So.2d 888, 890 (Miss. 2004).

In its opinion, the Complaint Tribunal noted Anderson had "an extensive disciplinary history including two informal admonitions, five public reprimands, and one suspension of forty-five days."

Anderson claims this problem was exacerbated when he entered the ministry in 1989 and sought to be both a pastor and lawyer.

Anderson agreed to represent Keller's minor son in 1996. In 2002, the son died in an unrelated accident, and Keller became administratix of his estate, of which the tort claim was an asset. Anderson did not file the personal-injury lawsuit until 2007. It was dismissed two years later in 2009.

Anderson does not provide Keller's full name or current address in the body of his amended petition. But he does attach to his amended a petition a cover letter that he mailed to Keller, along with a $1,000 check. So technically, his amended petition does provide this information.