# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-BR-00590-SCT

*DEXTER LAMON WOODBERRY*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR PETITIONER: | DEXTER LAMON WOODBERRY (PRO SE) |
| ATTORNEYS FOR RESPONDENT: | JEREMY LUKE BIRDSALL |
| | MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED - 02/19/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Dexter Lamon Woodberry filed a petition for reinstatement to the practice of law in Mississippi following a six-month suspension.  The Mississippi Bar supported Woodberry's petition.  This Court finds that Woodberry has met the requirements to be reinstated to the practice of law.

## FACTS

¶2.     Under an Agreed Opinion and Judgment, Woodberry was found in violation of Rules 1.15(a), 1.15(b), 8.4(a), and 8.4(d) of the Mississippi Rules of Professional Conduct. Woodberry was suspended from the practice of law for six months, effective November 15, 2024.

¶3.     On May 20, 2025, Woodberry filed a petition for reinstatement in accordance with Rule 13 of the Rules of Discipline for the Mississippi State Bar.  Attached to the petition

were letters of support written by members of the Bar in good standing. The petition also included a letter from the entity that had suffered a pecuniary loss, stating that it had no objection to Woodberry's reinstatement. The Bar additionally received a letter from an attorney who stated that Woodberry had agreed to a June 2025 hearing date in March 2025 and that he was not aware of Woodberry's suspension.

¶4.    On August 15, 2025, the Bar deposed Woodberry. The Bar filed its response to Woodberry's petition for reinstatement on October 16, 2025. The Bar asserted that "Woodberry's Petition, accompanying exhibits, and testimony demonstrate by clear and convincing evidence that Mr. Woodberry possesses the requisite 'firm resolve to live a correct life evidenced by outward manifestations sufficient to convince a reasonable mind clearly that [he] has reformed." (alteration in original) (quoting *Williams v. Miss. State Bar Ass'n*, 492 So. 2d 578, 580 (Miss. 1986)). Ultimately, the Bar supported Woodberry's petition for reinstatement to the practice of law.

## STANDARD OF REVIEW

¶5.    "In making his petition for reinstatement, the petitioner carries the burden of proving that he has rehabilitated himself and established the requisite moral character to entitle him to the privilege of practicing law." *In re Benson*, 890 So. 2d 888, 890 (Miss. 2004) (citing *In re Reinstatement of Holleman*, 826 So. 2d 1243, 1246 (Miss. 2002)). This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement[.]" *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999)). "[T]his Court reviews the evidence de novo, on a case-

by-case basis sitting as triers of fact." ***In re Smith***, 758 So. 2d at 397 (quoting ***In re Pace***, 699 So. 2d 593, 595 (Miss. 1997)).

## DISCUSSION

¶6.     Rule 13 of the Rules of Discipline for the Mississippi State Bar governs the reinstatement of suspended attorneys, and it provides:

> **(a)** No person disbarred or suspended for a period of six (6) months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.
>
> **(b)** Reinstatement to the practice of law following any suspension shall be only upon proof of compliance with any such sanctions.

¶7.     In determining whether to grant reinstatement, "[t]he Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." ***In re Steele***, 722 So. 2d 662, 664 (Miss. 1998) (second alteration in original) (internal quotation marks omitted) (quoting ***In re Mathes***, 653 So. 2d 928, 929 (Miss. 1995)).

¶8.     In ***In re Benson***, the Court set out the jurisdictional requirements that apply to reinstatement petitions under Rule 13. ***In re Benson***, 890 So. 2d at 890.

> The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution, (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

***Id.*** (citing ***In re Holleman***, 826 So. 2d at 1247). Additionally, "[t]hough not a jurisdictional requirement, [the Court] consider[s] the Bar's position as to reinstatement as a factor in determining whether to grant the petition." ***Id.*** (citing ***In re Holleman***, 826 So. 2d at 1248).

### 1. Cause for Suspension

¶9. Woodberry was suspended from the practice of law for six months. The Bar found that Woodberry violated Rules 1.15(a) (failed to hold clients' and third persons' property separate from the lawyer's own property and failed to keep funds in a separate trust account); 1.15(b) (failed to notify the client or third person upon receiving funds in which the client or third person had an interest); 8.4(a) (violated or attempted to violate the rules of professional conduct); and 8.4(d) (engaged in conduct that was prejudicial to the administration of justice) of the Mississippi Rules of Professional Conduct.

¶10. Woodberry was retained in 2019 by Justin Doyle on a workers' compensation matter. Doyle entered into an agreement in which The Legal Funding Group, LLC, loaned Doyle $4,000 in exchange for a right to a portion of the proceeds from the case's settlement. The agreement instructed Woodberry to satisfy the Funding Group's lien before distributing any proceeds to Doyle. After the case settled, Woodberry informed the defense to write one check to Doyle and one check to him. Woodberry admitted that he did not set aside funds to satisfy the Funding Group's interest in the settlement. When the Funding Group reached out to Woodberry about the money it was owed, Woodberry told the company to contact Doyle. Woodberry also contacted Doyle and instructed him to remit payment to the Funding Group. But Doyle did not satisfy the lien. The Funding Group eventually filed a complaint with the Mississippi Bar against Woodberry.

¶11. Woodberry gave detailed testimony about the cause of his suspension. A petitioner has "a responsibility to give [the Court] a clear description of what improper actions led to

[his] disbarment" in order to satisfy the first requirement regarding the cause of suspension. *Russell v. Miss. Bar*, 255 So. 3d 136, 138 (Miss. 2017) (citing *In re Benson*, 890 So. 2d at 890. The Bar contends that Woodberry's petition and testimony sufficiently set forth the reasons for his suspension. We agree with the Bar that Woodberry has provided sufficient evidence to satisfy the first requirement.

### 2. Pecuniary Loss

¶12. In his petition, Woodberry states that the Funding Group was the only entity that suffered pecuniary loss due to his improper conduct. Woodberry also asserts in his petition and deposition that he personally satisfied the entirety of funds owed to the Funding Group. Woodberry testified that he paid the Funding Group a total of $10,000 for the initial lien amount, plus the interest and fees that had accrued. The Bar notes that the lien was satisfied before the Agreed Opinion and Judgment of Suspension and that Woodberry has also paid the Bar's costs and expenses for the complaint and investigation.

¶13. The Bar's position is that Woodberry sufficiently set forth the pecuniary loss. Based on the Bar's statement and Woodberry's testimony, this Court finds that Woodberry has provided "clear and convincing evidence concerning the existence of pecuniary loss[.]" *Russell*, 255 So. 3d at 139.

### 3. Full Amends and Restitution

¶14. The Bar further asserts that Woodberry has made full amends and restitution. Because "the attorney seeking reinstatement carries the burden of proving that he has rehabilitated himself[,]" we find that Woodberry has satisfied this requirement. *Russell*, 255 So. 3d at 139

(internal quotation marks omitted) (quoting *In re Holleman*, 826 So. 2d at 1246).

### 4. Moral Character

¶15. Woodberry testified that since his suspension, he applied for a professor position at Alcorn State University and has volunteered at a nonprofit behavioral-health organization. Woodberry also attends Relate Church with his wife and children.

¶16. Woodberry provided eight letters in support of his petition for reinstatement. Woodberry is supported by attorneys who have known him for a number of years and who have stated that he is remorseful and has learned from his suspension. Additionally, the Bar received a phone call from Judge David Strong, who was complimentary of Woodberry's representation of clients, and a letter from the Crystal Springs Municipal Court that the city wanted Woodberry to return as its public defender if he is reinstated. Woodberry's petition also included a letter from the manager of the Funding Group, acknowledging that Woodberry made full restitution and stating that he did not have an objection to Woodberry's reinstatement.

¶17. On June 23, 2025, the Bar received a letter from Robert Briggs III, who stated that in March 2025 Woodberry agreed to a hearing date on a pending case and that he was unaware of Woodberry's suspension. Woodberry testified that he notified the court administrator of his suspension and that he thought Briggs was notified of his suspension via phone call; however, he admitted that if Briggs was not notified, it was an oversight. Woodberry testified that he informed the courts in the counties where he served as public defender, as well as his private clients, of his suspension. Woodberry admitted that he failed to timely file

6

his affidavit with this Court that he had notified his clients of his suspension within thirty days. But he maintained that he notified all of his clients within the required thirty-day period. The Bar did not find that the oversight was sufficient to oppose Woodberry's petition. We find that Woodberry has sufficiently shown that he has the necessary moral character to return to the practice of law.

### 5. Legal Learning

¶18. In his petition, Woodberry states that he passed the Multistate Professional Responsibility Exam with a score of 94. He attached a copy of his score from the National Conference of Bar Examiners to the petition. Moreover, Woodberry completed twelve hours of continuing-legal-education courses during his suspension, including the Bar's Office of General Counsel's Trust Account School course.

¶19. The Bar indicates that Woodberry has demonstrated that he has the requisite legal learning to be reinstated to the practice of law. This Court agrees that Woodberry has met the requirement of legal learning.

### CONCLUSION

¶20. This Court finds that Dexter Lamon Woodberry has met the jurisdictional requirements established in Rule 13 of the Rules of Discipline for the Mississippi State Bar. We therefore grant Woodberry's petition to be reinstated to the practice of law in Mississippi.

¶21. **PETITION OF DEXTER LAMON WOODBERRY FOR REINSTATEMENT TO THE PRACTICE OF LAW IN MISSISSIPPI IS GRANTED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR.**