758 So.2d 396 (1999)
In re Petition of Daniel B. SMITH for Reinstatement to the Practice of Law.
No. 1998-BR-01828-SCT.
Supreme Court of Mississippi.
June 17, 1999.
Daniel B. Smith, Hattiesburg, Appellant, pro se.
J. David Wynne, Madison, Attorney for Appellee.
EN BANC.
SMITH, Justice, for the Court:

INTRODUCTION
¶ 1. Daniel B. Smith, a suspended former member of the Mississippi Bar, has petitioned this Court for reinstatement of his license to practice law in Mississippi. We find that Smith has met the necessary requirements and that his license to practice law in Mississippi should be reinstated contingent upon his taking and passing the Multi-State Professional Responsibility Exam as provided in Rule 12.5 of the Mississippi Rules of Discipline.

STATEMENT OF FACTS
¶ 2. Smith was originally admitted as a member of the Mississippi Bar in May 1982 and was engaged in the private practice of law in Hattiesburg.
¶ 3. The Bar filed a formal complaint against Smith on January 11, 1994, for unprofessional conduct in the handling of an appeal on behalf of his client, Willie Wells. The Complaint Tribunal entered a default judgment because Smith failed to answer, plead or otherwise defend the formal complaint against him, and failed to *397 appear at the hearing on the Bar's Motion for Entry of Default Judgment. On April 24, 1994, Smith was suspended from the practice of law for a period of one year and ordered to pay the Bar the sum of $44.73.
¶ 4. On June 8, 1994, the Bar filed a formal complaint against Smith for unprofessional conduct in failing to communicate with his client, Frances Snyder. The Complaint Tribunal entered a default judgment against Smith for his failure to answer, plead or otherwise defend the formal complaint and his failure to appear at the hearing on the Bar's Motion for Entry of Default Judgment. On September 19, 1994, the Complaint Tribunal imposed on Smith a suspension of two years from the practice of law which was to run consecutive to any prior suspension that had been imposed upon him. Further, the Complaint Tribunal required that Smith pay restitution in the amount of $50 to Frances Snyder and pay the Bar the amount of $27.38 previously assessed plus all costs and expenses associated with the litigation. Smith's subsequent appeal to this Court was dismissed on the joint motion of Smith and the Bar. Smith v. Mississippi Bar, 665 So.2d 189 (Miss.1995).
¶ 5. On March 28, 1995, the Bar filed a formal complaint against Smith for failure to communicate with his client, Shirley Ruth Wilson. Smith filed an answer on April 20, 1995. On September 11, 1995, the Complaint Tribunal imposed a suspension of two and one-half years upon Smith which was not to run consecutively with any other discipline Smith may have imposed upon him. Also, the Complaint Tribunal ordered Smith to pay the sum of $32.88 previously assessed plus all costs associated with this complaint.
¶ 6. On December 11, 1998, Smith petitioned this Court for reinstatement and alleged that he 1) paid Ms. Snyder restitution required by the Complaint Tribunal, 2) underwent rehabilitation of his mind, his financial condition, and his spirit, 3) read the published decisions of this Court and reviewed other publications and continuing legal education material, and 4) has been gainfully employed since just after the beginning of his suspension.
¶ 7. On March 12, 1999, the Bar filed its response to Smith's petition for reinstatement, in which it took no position on whether Smith's petition should be granted.
¶ 8. The Bar admitted that Smith paid restitution to Snyder. The Bar admitted that, although not paying the Bar's costs and expenses within the time ordered by the Complaint Tribunal, Smith paid these costs and expenses by money order dated June 1, 1998, prior to filing his Petition for Reinstatement. Also the Bar admitted that, although Smith failed to file timely affidavits of notices of his suspension to his clients, counsel opposite and courts, he satisfied this prerequisite to his reinstatement. The Bar stated that Smith has been cooperative during this investigation and has continually expressed remorse over his actions leading to his suspensions. The Bar also stated its willingness to conduct any additional investigation which this Court might find appropriate.

LEGAL ANALYSIS
¶ 9. The standard of reviewing questions of attorney reinstatement is well-settled:
The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. When reviewing disciplinary matters this Court reviews the evidence de novo, on a case-by-case basis sitting as triers of fact.
* * * *
The guidelines for reinstatement to the Mississippi State Bar are set forth in Miss.Code Ann. § 73-3-337 and in Rule 12 of the Rules of Discipline for the Mississippi Bar. Rule 12 reads in pertinent part as follows ...
All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current *398 addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstated to the privilege of practicing law.... The matters set out in this paragraph shall be jurisdictional.
In Re Pace, 699 So.2d 593, 595 (Miss.1997) (quoting In re Underwood, 649 So.2d 825, 827 (Miss.1995)).
WHETHER DANIEL SMITH HAS COMPLIED WITH ALL NECESSARY REQUIREMENTS FOR REINSTATEMENT TO PRACTICE LAW.
¶ 10. The Court's fundamental inquiry is whether Smith has rehabilitated himself in conduct and character since the suspension was imposed. In re Steele, 722 So.2d 662, 664 (Miss.1998); In re Mathes, 653 So.2d 928, 929 (Miss.1995); Haimes v. Mississippi State Bar, 551 So.2d 910, 912 (Miss.1989). Certain jurisdictional requirements must be met for reinstatement. The requirements are:
(1) Each petitioner must include a list of names and addresses of persons, parties, firms, or legal entities who suffered pecuniary loss due to the attorney's misconduct; (2) There must be a showing that the petitioner has made full amends and restitution or a statement to the effect that full amends and restitution is not appropriate or has been imposed; (3) The petitioner must show that he has the requisite moral character to be reinstated; and (4) The petitioner must show that he has the requisite legal learning to be reinstated to the privilege of practicing law. Mississippi Rules of Discipline 12.7; Burgin v. Mississippi State Bar, 453 So.2d 689, 691 (Miss. 1984).
¶ 11. Requirements (1) & (2) above have been clearly met as verified by the Bar and the submitted money order to Ms. Snyder on June 2, 1998. No restitution was ordered to Wells or Wilson. Smith paid the Bar's costs and expenses in all three disciplinary matters.
¶ 12. With regard to requisite moral character, the record indicates that due to Smith's travel required for his job, he is not as involved as he would like to be with community activities, but is extremely involved with his church activities. Smith is a Sunday School teacher, Chairman of his church's Mission Committee, and is Mission Trip Chairman for a mission trip scheduled for a group in his church to travel to Mexico. In his deposition, Smith stated that he attends church on Sunday mornings, Sunday evenings and Wednesday nights. Forty-nine attorneys in the Hattiesburg area agree because they have supported Smith's reinstatement petition.
¶ 13. After the suspension, Smith sought medical treatment from a local psychiatrist who prescribed Prozac and referred Smith to a local psychologist. Smith was never admitted in-house anywhere nor placed on any other medication. Smith is not seeing a physician at this time and feels that he is now back on his feet from a psychological standpoint. Further Smith believes that he is ready to be entrusted with the responsibilities of client matters.
¶ 14. Smith is currently employed with the Mississippi Department of Transportation as a title or right-of-way agent. Just after his suspension until February 1997, Smith was employed by a friend at a loan company and was the manager of the Hattiesburg branch until it closed its Hattiesburg office. Smith has no future plans, if reinstated, to return to private practice. However, Smith has been told that it would open up other employment opportunities within the Department of Transportation for him if he were reinstated. With regard to requisite legal learning, Smith indicated that he has read recent Supreme Court decisions and advance sheets. Smith is married with three children, and throughout the hard financial times of his law practice and his suspension from the practice of law, he has still been able to provide for his family.
¶ 15. Throughout his deposition, Smith expressed remorse for his misconduct. Further, the Bar was somewhat impressed *399 by the frankness with which Smith responded to his questions and acknowledged his failing in the representation of the clients in the above disciplinary matters. We conclude that Smith has the requisite moral character for reinstatement.
¶ 16. The Bar takes no position on Smith's petition for reinstatement and stands ready to perform any additional investigation, if requested, in whatever area this Court deems appropriate. We reiterate that forty-nine Hattiesburg area attorneys support Smith's reinstatement. Based upon this proof, we conclude that Smith's license to practice law in Mississippi should be reinstated contingent upon his taking and passing the Ethics portion of the Multi-State Professional Responsibility Exam as provided in Rule 12.5 of the Mississippi Rules of Discipline.

CONCLUSION
¶ 17. Smith has met the conditions for reinstatement set forth by the Complaint Tribunal. In addition, he has met the jurisdictional requirements for reinstatement, including: 1) a proper petition; 2) full amends and restitution; 3) requisite moral character; and 4) requisite legal learning. For this reason, his petition for reinstatement is granted.
¶ 18. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW GRANTED CONTINGENT UPON TAKING AND PASSING OF THE ETHICS PORTION OF THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM AS PROVIDED IN RULE 12.5 OF THE MISSISSIPPI RULES OF DISCIPLINE.
PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.
SULLIVAN, P.J., NOT PARTICIPATING.