# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-BR-01672-SCT

*DAVID CARTAN LOKER GIBBONS, JR.*

*v.*

*THE MISSISSIPPI BAR*

ATTORNEY FOR PETITIONER: ANDREW KILPATRICK, JR.
KRISTIN SWEARENGEN
ATTORNEY FOR RESPONDENT: ADAM B. KILGORE
NATURE OF THE CASE: CIVIL - BAR MATTERS
DISPOSITION: REINSTATEMENT GRANTED - 08/06/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. David Cartan Loker Gibbons, Jr., petitions this Court for reinstatement to the practice of law in the state of Mississippi and readmission to the Mississippi Bar. The Bar supports Gibbons's requests, submitting that Gibbons has satisfied his burden to prove that he is worthy of reinstatement and that he has achieved the moral and professional rehabilitation to return to the practice of law.

## FACTS

¶2. On January 8, 2019, the Louisiana Supreme Court suspended Gibbons from the practice of law in Louisiana for one year and one day, with all but six months deferred. The Louisiana Supreme Court concluded that Gibbons had neglected his client Greater New Orleans Federal Credit Union (GNOFCU), had failed to timely communicate with GNOFCU

and disclose his malpractice, and had misled GNOFCU regarding the matters. GNOFCU had retained Gibbons in 2006 to represent it in recovering money owed to the credit union from various outstanding loan obligations, which mainly involved car seizures and deficiency suits.

¶3.     On October 3, 2019, this Court "impos[ed] reciprocal discipline equal to the suspension period imposed by the Louisiana Supreme Court," under Rule 13 of the Rules of Discipline for the Mississippi State Bar. *Miss. Bar v. Gibbons*, No. 2019-BD-00629-SCT, 2019 WL 4877444, at *1 (Miss. Oct. 3, 2019).

¶4.     This Court found that a retroactive suspension was appropriate and ordered the suspension period retroactive to January 8, 2019. *Id.* at *5.  And this Court held that even though Gibbons's Louisiana suspension had been completed at the time of this Court's decision, Gibbons was required to petition this Court for reinstatement in Mississippi under Rule 12 of Rules of Discipline for the Mississippi State Bar. *Id.*

¶5.     Gibbons filed a petition for reinstatement on November 4, 2019.  In investigating the merits of Gibbons's petition, the Bar deposed Gibbons on January 22, 2020.  The Bar filed its response to Gibbons's petition for reinstatement on April 2, 2020.

¶6.     Applying the requirements set forth by Rule 12.7 of the Rules of Discipline for the Mississippi State Bar, the Bar submits that Gibbons satisfied his burden of proof of both moral and professional rehabilitation by clear and convincing evidence.  Thus, the Bar supports Gibbons's reinstatement to the practice of law in Mississippi.

**DISCUSSION**

2

¶7.     This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline and reinstatement . . ." *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999)).  We review the evidence in disciplinary matters "de novo, on a case-by-case basis sitting as triers of fact." *In re Smith*, 758 So. 2d at 397 (quoting *In re Pace*, 699 So. 2d 593, 595 (Miss. 1997)).

¶8.     Rule 12 governs the reinstatement of suspended attorneys.  M.R.D. 12.  It states,

> (a) No person disbarred or suspended for a period of six (6) months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court,
>
> (b) Reinstatement to the practice of law following any other discipline shall be only upon proof of compliance with any such sanctions[.]

M.R.D. 12.

¶9.     In determining whether to grant reinstatement, "[t]he Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." *In re Steele*, 722 So. 2d 662, 664 (Miss. 1998) (internal quotation marks omitted) (quoting *In re Mathes*, 653 So. 2d 928, 929 (Miss. 1995)).  The petitioner bears the burden of proof that he or she has rehabilitated him or herself and has reestablished the requisite moral character sufficient for reinstatement.  *Burgin v. Miss. State Bar*, 453 So. 2d 689, 691 (Miss. 1984).

¶10.    The petitioner must demonstrate this by complying with the five jurisdictional requirements of Rule 12, provided as follows:

> (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and

3

restitution[;] (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

*In re Benson*, 890 So. 2d 888, 890 (Miss. 2004).

¶11. This Court considers the Bar's position as to reinstatement as a factor in determining whether to reinstate a suspended attorney. *In re Holleman*, 826 So. 2d 1243, 1248 (Miss. 2002).

### 1. Cause for Suspension

¶12. Gibbons states in his petition for reinstatement that he was suspended from the practice of law in Mississippi by this Court following his suspension in Louisiana by the Louisiana Supreme Court. Gibbons states that the Louisiana Supreme Court found that he had neglected his client's legal matters, had failed to communicate with GNOFCU and timely disclose his malpractice, and had misled his client regarding the status of certain matters. Gibbons specifically notes that he had allowed a number of legal matters entrusted to him to fall outside the applicable prescription period. And his conduct constituted a violation of Rules 1.3, 1.4, 1.16, and 8.4(c) of the Louisiana Rules of Professional Conduct. As this Court noted, "[t]he same rules are found in the Mississippi Rules of Professional Conduct." *Gibbons*, 2019 WL 4877444, at *4 (citing M.R.P.C. 1.3, 1.4, 1.16, and 8.4(c)).

### 2. Pecuniary Loss

¶13. Gibbons provides the address and telephone number of his client GNOFCU, which suffered a pecuniary loss as a result of Gibbons's conduct.

### 3. Full Amends and Restitution

4

¶14.  GNOFCU filed a professional-malpractice suit against Gibbons that ultimately was settled. As noted by this Court, the joint petition for consent discipline submitted by Gibbons and the Office of Disciplinary Counsel (ODC) for the Attorney Disciplinary Board in Louisiana stated that "the settlement fully rectified the damages incurred by GNOFCU." *Gibbons*, 2019 WL 4877444, at *2.

### 4.  Moral Character

¶15.  Gibbons accepted responsibility for his conduct and closed his law practice in August 2016, seeking employment outside the practice of law. Gibbons admitted to becoming overwhelmed by the volume of deficiency loans GNOFCU was referring to him, and he was embarrassed by his inability to keep up with his case load. Gibbons was suffering from anxiety and associated depression during this period, which had driven him to a deep emotional state of avoidance. And Gibbons sought professional help.

¶16.  Gibbons admitted that he had made gross mistakes that harmed his client GNOFCU. The ODC acknowledged Gibbons's remorsefulness during its investigation into the matter, and the ODC considered it to be a mitigating factor in its recommendation to the Louisiana Supreme Court for discipline.

¶17.  Gibbons has complied with all the terms of the suspension imposed by the Louisiana Supreme Court and has since been reinstated to the practice of law in Louisiana. Gibbons subsequently sought reinstatement before the United States District Court for the Eastern District of Louisiana, which was granted.

¶18. Gibbons says that he does not intend to return to the private practice of law, but he wants to use his license in other employment opportunities. Since Gibbons closed his law practice in 2016, he has worked full time for a bank in Louisiana as a loan officer. Gibbons testified at his deposition before the Mississippi Bar that attorneys are notaries in Louisiana. And Gibbons informed his employer that he could not notarize any documentation for them during his suspension period in Louisiana. Gibbons testified that he plans to remain with his current employer. He also stated that he would like to be able to do legal work in Mississippi for his family.

¶19. Gibbons testified that he has been active in his son's travel baseball team, having previously served as coach and team manager. Gibbons serves as an usher at his church, provides food support for a boys' home and performs school-related volunteer work.

¶20. The Bar notes that Gibbons appeared mentally and emotionally stable during his deposition. And Gibbons testified that the anxiety and depression he experienced previously has not manifested in his current job. Gibbons was not required by Louisiana to enroll or report to their lawyer-assistance program. The Bar states in its answer that Gibbons's petition and his testimony at deposition adequately support that he has the requisite moral character and mental health for the practice of law.

### 5. Legal Learning

¶21. Gibbons submitted documentation showing that he has maintained his continuing-legal-education requirements, including taking courses on attorney morality and attending the procrastinator's program.

6

¶22.  The Bar states in its answer that it supports Gibbons's reinstatement to the practice of law in Mississippi.  The Bar acknowledges that while Gibbons's ethical violations were of a serious nature warranting discipline, Gibbons's aggressive and honest pursuit of rehabilitation of his own life, as well as his ability to overcome anxiety and depression and to balance his life and work obligations are noteworthy.

¶23.  We find that Gibbons has satisfied all the jurisdictional requirements and has complied with all the sanctions imposed by this Court.  We agree with the Bar that Gibbons has satisfied his burden of proof of both moral and professional rehabilitation required of a suspended attorney.  And Gibbons has met his burden of presenting evidence warranting his reinstatement to the practice of law.

## CONCLUSION

¶24.  For these reasons, this Court grants Gibbons's petition for reinstatement, and Gibbons is hereby reinstated to the practice of the law.

¶25.  **PETITION OF DAVID CARTAN LOKER GIBBONS, JR., FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

7