# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-BR-00783-SCT

*SEAN P. MOUNT*

*v.*

*THE MISSISSIPPI BAR*


ATTORNEY FOR PETITIONER:    ANDREW J. KILPATRICK, JR.
ATTORNEY FOR RESPONDENT:    ADAM B. KILGORE
NATURE OF THE CASE:    CIVIL - BAR MATTERS
DISPOSITION:    REINSTATEMENT GRANTED - 03/04/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.    Sean P. Mount petitions this Court for reinstatement to the practice of law in the state of Mississippi. The Bar supports Mount's request, positing that Mount has satisfied his burden of proof of both moral and professional rehabilitation as well as presenting sufficient evidence warranting his reinstatement to the practice of law.

¶2.    On January 8, 2019, the Louisiana Supreme Court, pursuant to a joint petition of the Office of Disciplinary Counsel (ODC) and Mount, suspended Mount from the practice of law in Louisiana for a period of one year and one day, with the entire suspension deferred. Along with the suspension, the Supreme Court of Louisiana placed Mount on probation for a period that coincided with the term of his two-year Louisiana Judges and Lawyers Assistance

Program (JLAP) diagnostic-monitoring agreement. This suspension resulted from Mount's conviction for misdemeanor DWI in New Orleans on March 14, 2018, an act that the Supreme Court of Louisiana found violated Rule 8.4(b) of the Louisiana Rules of Professional Conduct, which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer.

¶3. By order dated April 4, 2019, the United States District Court for the Eastern District of Louisiana imposed the same discipline the Supreme Court of Louisiana imposed. The district court imposed the suspension retroactively to the effective date of the order of the Supreme Court of Louisiana.

¶4. On December 12, 2019, this Court imposed reciprocal discipline and suspended Mount pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar for one year and one day, with the entire suspension deferred. *Miss. Bar v. Mount*, 298 So. 3d 409, 414 (Miss. 2019). We further found that a retroactive suspension with an effective date of January 8, 2019, was appropriate but declined Mount's request that he be relieved of petitioning this Court for reinstatement under Rule 12 and proving his compliance with the terms of his suspension in Louisiana. *Id.*

¶5. Mount filed a petition for reinstatement on July 29, 2020. In furtherance of its duties to investigate the merits of Mr. Mount's petition, the Bar deposed Mount on August 26, 2020. The Bar filed its response to Mount's petition for reinstatement on November 10, 2020.

¶6. Pursuant to Rule 12 of the Rules of Discipline for the Mississippi State Bar, the Bar

2

submits that Mount has satisfied his burden of proof of both moral and professional rehabilitation by clear and convincing evidence and has presented satisfactory evidence warranting his reinstatement to the practice of law. Therefore, the Bar supports Mount's reinstatement.

## DISCUSSION

¶7.     This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement . . . ." ***In re Morrison***, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting ***In re Smith***, 758 So. 2d 396, 397 (Miss. 1999)). We review the evidence in disciplinary matters "de novo, on a case-by-case basis sitting as triers of fact." ***In re Smith***, 758 So. 2d at 397 (quoting ***In re Pace***, 699 So. 2d 593, 595 (Miss. 1997)).

¶8.     Rule 12 of the Rules of Discipline for the Mississippi State Bar governs the reinstatement of suspended attorneys. It states,

> (**a**) No person disbarred or suspended for a period of six (6) months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court,
>
> (**b**) Reinstatement to the practice of law following any other discipline shall be only upon proof of compliance with any such sanctions[.]

M.R.D. 12.

¶9.     In determining whether to grant reinstatement, "[t]he Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." ***In re Steele***, 722 So. 2d 662, 664 (Miss. 1998) (second alteration in original) (internal quotation marks omitted) (quoting ***In re Mathes***, 653 So. 2d 928, 929 (Miss. 1995)). The petitioner bears the burden of proof that he or she has rehabilitated him or herself and

3

has reestablished the requisite moral character sufficient for reinstatement. ***Burgin v. Miss. State Bar***, 453 So. 2d 689, 691 (Miss. 1984).

¶10.    The petitioner must demonstrate this by complying with the five requirements of Rule 12, provided as follows:

> (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution[;] (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

***In re Benson***, 890 So. 2d 888, 890 (Miss. 2004).

¶11.    This Court considers the Bar's position as to reinstatement as a factor in determining whether to reinstate a suspended attorney. ***In re Holleman***, 826 So. 2d 1243, 1248 (Miss. 2002).

### 1.    Cause For Suspension

¶12.    Mount states in his petition that he received reciprocal discipline based on his deferred suspension in Louisiana where he was placed on probation for a period of time to coincide with the terms of his monitoring agreement with the JLAP.  Mount also testified as to the cause for his suspension.  He explained that on January 25, 2017, he went to a restaurant with a partner from his law firm to discuss marketing, that he consumed "a couple of glasses of wine" and that upon leaving, he drove his vehicle the wrong way on a one way street, was pulled over by the police and was arrested for Driving While Intoxicated (DWI).

### 2.    Pecuniary Loss

¶13.    Mount does not list any individuals who suffered any financial loss due to his

misconduct. He testified that "[t]here was no property damage or anyone injured" due to his DWI.

### 3. Full Amends and Restitution

¶14. Mount confirmed at the deposition that there were no amends to make to any individuals for pecuniary loss. Regarding his DWI, Mount paid a fine, attended required classes and performed thirty-two community-service hours, which included trash cleanup and beautification projects in a city park as part of the terms of his plea bargain.

### 4. Requisite Moral Character

¶15. Mount was not required to cease practicing law in Louisiana because his suspension from the practice of law was deferred and he complied with the terms of his monitoring agreement with JLAP. Mount, who is also licensed in Texas, continued to practice in both jurisdictions during the two years he was undergoing the program with JLAP. He testified that he did not have any Mississippi clients at the time of his deferred suspension.

¶16. Mount testified that he has been active in a church community and community endeavors to the extent possible during the time of his suspension but that with a young child at home, his wife's schedule as a local news anchor, his own work obligations, and the impact of the coronavirus pandemic, those opportunities have been severely limited.

¶17. Mount submitted six letters in support of his reinstatement. He testified that he informed each person of the reason for his suspension.

¶18. According to the Bar, Mount appeared to be mentally and emotionally stable during his deposition. He testified that he is not encountering any health issues, does not consume

5

alcohol or use illicit drugs and that his mental state is "good." Mount states in his petition that he underwent an outpatient multidisciplinary evaluation at Pine Grove Behavioral Health & Addiction Services in Hattiesburg, Mississippi, which resulted in a finding, inter alia, that his DWI was an isolated case of excessive drinking, that he is in sustained remission for mild alcohol-use disorder, that he has no unresolved substance-abuse issues, that he does not qualify for a diagnosis of substance abuse, that he was not recommended for formal treatment and that there were no concerns about his ability to meet the professional standards of a practicing attorney. Also included with Mount's petition is a final report from JLAP showing that Mount submitted to drug and alcohol testing over the course of his two-year monitoring agreement and was in substantial compliance with the daily check-in requirements. He fulfilled all terms and conditions of his contract. Mount acknowledged at his deposition his prior history with alcohol and that he received two DWIs between the ages of eighteen and twenty-four before becoming a lawyer, which he referred to as "really bad decisions when I was younger." He testified that he "learned a lot from those decisions." According to Mount, before his 2017 DWI, he only drank "occasionally" and rarely "during the week" and reiterated that he no longer drinks alcohol.

### 5. Requisite Legal Learning

¶19. While he was suspended, Mount was not required by this Court to take the Multi-State Professional Responsibility Exam. *Mount*, 298 So. 3d at 412 n.4. He states in his petition that he maintained his requisite Continuing Legal Education for all jurisdictions in which he is admitted. Mount testified that he has also participated in seminars for younger lawyers

administered by his firm and that he has also kept current by virtue of "the daily practice of law" and the review of legal articles. Mount testified that he wishes to return to the active practice of law in Mississippi just as before and that if he is not reinstated, he would continue his practice in Louisiana and Texas.

¶20. The Bar, in its answer, supports Mount's reinstatement to the practice of law in Mississippi.

¶21. We find that Mount has satisfied all the requirements and has complied with all sanctions imposed by this Court. We agree with the Bar that Mount has satisfied his burden of proof of both moral and professional rehabilitation required of a suspended attorney. Further, Mount has met his burden of presenting evidence warranting his reinstatement to the practice of law.

## CONCLUSION

¶22. For these reasons, this Court grants Mount's petition for reinstatement, and he is hereby reinstated to the practice of law in the state of Mississippi.

¶23. **PETITION OF SEAN P. MOUNT FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**