# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-BR-00205-SCT

*MICHAEL MARTIN LOUVIER*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR PETITIONER: | JOHN DENVER FIKE |
| ATTORNEYS FOR RESPONDENT: | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED EFFECTIVE NINETY DAYS FROM THE ISSUANCE OF THE COURT'S MANDATE - 12/08/2022 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1. Michael M. Louvier filed a petition for reinstatement to the practice of law following a three-year suspension. The Mississippi Bar opposed Louvier's request and argued that he had not satisfied his burden of proof of both moral and professional rehabilitation required of a suspended attorney. This Court recognizes the Bar's concern but finds that Louvier has met the requirements to be reinstated the practice of law in the state of Mississippi.

## FACTS

¶2. Based on two informal complaints, the Bar found that Louvier had converted certain client funds for his use, had failed to provide the client a full accounting, had failed to protect the client's interests by not surrendering papers and property to which the client was entitled, had failed to disclose facts necessary to correct misapprehensions known by him, and had

engaged in conduct prejudicial to the administration of justice.

¶3.    After an investigation, the Complaint Tribunal found nine violations of Rules 1.15(a), 1.15(b), 1.16(d), 8.1(a), 8.4(a), and 8.4(d) of the Mississippi Rules of Professional Conduct, which resulted in Louvier's suspension.  In two separate orders, the Complaint Tribunal suspended Louvier from the practice of law for three years.  Under the orders, Louvier was suspended from the practice of law through December 31, 2018.

¶4.    On March 7, 2022, Louvier filed a petition for reinstatement pursuant to Rule 12 of the Rules of Discipline for the Mississippi State Bar.  The petition included letters of support written by members in good standing with the Bar. The Bar also took Louvier's deposition. On May 9, 2022, Louvier filed a supplement to his petition for reinstatement that included additional letters of support. Louvier's petition has received significant support from members of the Bar.

¶5.    On June 7, 2022, the Bar received new information about Louvier's employment as a process server.  According to this information, Louvier served as a process server during his suspension, and Louvier inserted his Bar number on the Supoena-Return of Service form that was returned to and filed with the court.  In the space indicated for the process server's social security number, Louvier inserted his  "MS Bar" number.  The Bar considered this new information and determined that it "potentially constitutes both the unauthorized practice of law and violation of the suspension orders that prohibit him from holding himself out as a lawyer."

¶6.    The Bar notified Louvier of this new information.  Louvier responded with a second

2

supplement to his petition for reinstatement. The Bar then filed its response to Louvier's petition for reinstatement with this Court on July 5, 2022. The Bar argued that, after applying the requirements set forth by Procedure 12.7 of the Rules of Discipline for the Mississippi State Bar, Louvier had not satisfied his burden of proof of both moral and professional rehabilitation required of a suspended attorney. Thus, the Bar opposed Louvier's reinstatement to the practice of law in Mississippi.

## STANDARD OF REVIEW

¶7. The suspended attorney seeking reinstatement bears the burden of proof that they have rehabilitated themselves and have reestablished the requisite moral character sufficient for reinstatement. *Burgin v. Miss. Bar*, 453 So. 2d 689, 691 (Miss. 1984). This Court "has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement[.]" *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001) (quoting *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999)). We review the evidence in disciplinary matters "de novo, on a case-by-case basis sitting as triers of fact." *In re Smith*, 758 So. 2d at 397 (quoting *In re Pace*, 699 So. 2d 593, 595 (Miss. 1997)).

## DISCUSSION

¶8. The question here is whether Louvier satisfied the jurisdictional requirements to be reinstated to the practice of law in Mississippi. Rule 12 of the Rules of Discipline for the Mississippi State Bar governs the reinstatement of suspended attorneys, and it provides:

    **(a)**    No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court;

**(b)** Reinstatement to the practice of law following any other discipline shall be only upon proof of compliance with any such sanctions[.]

¶9. Under Rule 12, to determine whether to grant reinstatement, "[t]he Court's fundamental inquiry is whether [the attorney] has rehabilitated himself in conduct and character since the suspension was imposed." *In re Steele*, 722 So. 2d 662, 664 (Miss. 1998) (second alteration in original) (internal quotation marks omitted) (quoting *In re Mathes*, 653 So. 2d 928, 929 (Miss. 1995)). The petitioner must demonstrate this rehabilitation by complying with Rule 12's five jurisdictional requirements, as follows:

(1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered a pecuniary loss due to the improper conduct; (3) make full amends and restitution; (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

*In re Benson*, 890 So. 2d 888, 890 (Miss. 2004).

¶10. While not a jurisdictional requirement, "[t]his Court considers the Bar's position as to reinstatement as a factor in determining whether to" reinstate a suspended attorney. *In re Holleman*, 826 So. 2d 1243, 1248 (Miss. 2002).

### 1.    Cause for Suspension

¶11. Louvier was suspended from the practice of law for three years in two separate matters. First, in Cause No. 2013-B-584, Louvier was found to have violated Rules 1.15(a) (failed to hold the property of clients and third parties separate from the lawyer's property and failed to maintain complete records of trust account funds for seven years after termination of the representation), 8.4(a) (violated or attempted to violate the rules of

professional conduct), and 8.4(d) (engaged in conduct detrimental to the administration of justice). Louvier was retained by Deana Abdullah, and he was paid $5,000 as a retainer to represent her in a divorce. Louvier did not place these funds in his trust account. Louvier was to meet Abdullah the next day to get her signature and to file certain pleadings. Due to confusion about where to meet, Louvier could not file pleadings that day. Abdullah then terminated the representation and requested a refund. Louvier could not refund the fee because he had used the funds to pay personal debts. After an informal Bar complaint and an ensuing investigation, the Bar determined that there were several instances of Louvier's trust account being overdrawn and that he had commingled client funds with his own.

¶12. Next, in Cause No. 2015-B-1006, Louvier was found to have violated Rules 1.15(a) (failed to hold the property of clients and third parties separate from the lawyer's property and failed to maintain complete records of trust account funds for seven years after termination of the representation), 1.15(b) (failed to promptly deliver to a client or third person funds or property to which they were entitled), 1.16(d) (upon termination, failed to take reasonable steps to protect a client's interests such as surrendering papers and property to which the client was entitled and failed to notify a client or third party of received funds in which they had an interest), 8.1(b) (failed to disclose a fact necessary to correct a misapprehension known by the person to have arisen in a matter or knowingly failed to respond to a lawful demand for information by a disciplinary authority), 8.4(a) (violated or attempted to violate the rules of professional conduct), and 8.4(d) (engaged in conduct detrimental to the administration of justice). In this matter, Phil Combs retained Louvier to

5

represent him in a domestic matter. Combs terminated Louvier's representation two days later. Again, Louvier was unable to refund Combs's retainer of $2,500. Louvier did not deposit the client's funds in his trust account and did not maintain adequate trust records. Also, shortly after being hired, Louvier was suspended in the first formal complaint and properly notified Combs of his inability to proceed as his attorney. Although Louvier advised Combs that his retainer and file would be returned, Louvier did not return the unearned portion of the retainer. When Combs filed an informal Bar complaint, Louvier failed to respond and then failed to provide bank records as requested by the Bar.

¶13. Louvier testified in detail on these two causes for suspension, consistent with the findings of both Complaint Tribunals. This Court has held that a concrete description of the petitioner's actions that led to their suspension is required to satisfy the first requirement regarding the cause of suspension. *Russell v. Miss. Bar*, 255 So. 3d 136, 138-39 (Miss. 2017) (citing *Derivaux v. Miss. Bar*, 226 So. 3d 97 (Miss. 2016)). The Bar asserts that Louvier's petition and testimony at the deposition adequately set forth the reasons for his suspension. We agree with the Bar and find that Louvier has provided sufficient evidence to satisfy this first requirement.

2.   **Pecuniary Loss**

¶14. In the petition and in his deposition, Louvier claims that he has repaid all funds owed to former clients, that he has paid costs and expenses related to the underlying formal complaints, and that he has provided supporting documentation. First, as to Abdullah, Louvier testified that he initially agreed to refund the full $5,000 and paid a total of $1,500

6

in installments over several months, with the remainder of the fee paid via garnishment from Abdullah's judgment in justice court. Next, as to Combs, Louvier testified that he refunded $2,000 of the $2,500 fee with the remaining $500 as Louvier's earned fee, filing fees, and service of process fee.

¶15.   The Bar states that Louvier's petition and his deposition testimony adequately set forth the pecuniary loss in the underlying cases.  Given the Bar's position and Louvier's testimony, we find that Louvier provided "clear and convincing evidence concerning the existence of pecuniary loss[.]" *Russell*, 255 So. 3d at 139.

### 3.   Full Amends and Restitution

¶16.   The Bar also states that Louvier has adequately made restitution in the underlying cases. In requiring that "the attorney seeking reinstatement carr[y] the burden of proving that he has rehabilitated himself[,]" Louvier has satisfied this requirement. *Id.* (internal quotation marks omitted) (quoting *Holleman*, 826 So. 2d at 1246).

### 4.   Moral Character

¶17.   Louvier testified and provided documentation of his involvement in various civic and charitable activities since his suspension. Although not required, this Court finds proof of engagement helpful in deciding whether a petitioner has met this requirement. *Id.* at 140. For instance, Louvier served as an auctioneer for a charity, coached elementary school football, took his emotional support dog for visits with senior citizens at an adult day care, and participated in the "purple dress run" for Catholic Charities and various events for the local chamber of commerce. Louvier stated that he also provides bottled water to the homeless,

7

and he is a member of Saint Richard Catholic Church.

¶18.    In a similar case, the petitioner provided evidence of involvement in church and organizations but also provided approximately sixty-six letters of support to his petition. *In re McGuire*, 912 So. 2d 902, 903 (Miss. 2005). Here, Louvier submitted thirty-four letters of support for his reinstatement. Louvier's petition is supported by a number of lawyers who knew and respected Louvier before and after his suspension or worked with him and can account for the work he has done to rehabilitate himself.   The letters of support from respected members of the Bar are important to this Court.

¶19.    The Bar noted that Louvier appeared mentally and emotionally stable during his deposition. Louvier testified extensively about his struggles with alcoholism since his suspension from the practice of law; he has been regularly attending Alcoholics Anonymous meetings.[1]

¶20.    As to his employment since his suspension, Louvier's petition stated that he has primarily worked for several lawyers and law firms in the Jackson area, performing law-clerk-related work and service of process. Louvier's work as a law clerk and process server was for attorneys Robin White, Matthew Poole, Malouf & Malouf, and John Fike. Louvier testified that each attorney was aware of his disciplinary history. He testified that he did not engage in the unauthorized practice of law, and the attorneys he worked for made efforts to ensure that Louvier was not seen as a lawyer.[2] The Bar confirmed that Louvier had been

---

[1]  Louvier has been sober since November 24, 2021.

[2] Louvier also previously worked in retail alcohol sales. Louvier testified in detail related to the various jobs he has had during his time of suspension. This also included

forthcoming in explaining his disciplinary history to the lawyers who submitted their letters in support of his reinstatement.

¶21. Finally, on June 7, 2022, an attorney reported that Louvier's name was on eight Subpoena-Returns of Service in one case. Louvier had used his "MS Bar" number in the space where his social security number should have been placed.

¶22. The Bar told Louvier of this information and asked for his response. Louvier then filed a second supplement to his petition for reinstatement. Louvier argued that a return of service is not a pleading and that nothing contained in a return of service of process could be construed as the practice of law or a legal opinion or legal advice. Louvier also claimed that the suspension orders did not prohibit the use of his Mississippi Bar number. Instead, the suspension orders prohibited the use of phrases such as "attorney-at-law," "counselor at law," "counsel," or "lawyer."

¶23. According to the Bar, Louvier has not met the fourth requirement to show that he has the requisite moral character for the practice of law. The Bar claims that the use of Louvier's Bar number while suspended violates his suspension orders, specifically the provision that states that he "shall be prohibited from practicing law or holding himself out as an attorney until such time as he has been reinstated by the Mississippi Supreme Court." The Bar also asserts that Louvier's actions *could* also violate Rule 11 of the Rules of Discipline for the Mississippi State Bar, which prohibits Louvier from practicing law while suspended, and Rule 5.5 of the Mississippi Rules of Professional Conduct, regarding the unauthorized

working at an Allstate insurance office, substitute teaching at Saint Joseph Catholic School, and being a member of a landscaping crew.

9

practice of law.

¶24. The Bar rejected Louvier's explanation and noted that this "could lead anyone viewing the documents to understandably conclude that he was an active and practicing attorney." We agree and do not accept his explanation. It was simply not permissible for Louvier to use his bar number while suspended. Nevertheless, this Court recognizes that Louvier was well down the path to reinstatement when the Bar learned that Louvier had used his Mississippi Bar number on several Subpoena-Returns of Service forms filed in one case. The Court finds that Louvier's use of his Mississippi Bar number was not permissible but is not sufficient to deny or further delay his reinstatement. Accordingly, we find that Louvier has met the jurisdictional requirement of moral character. But, because of Louvier's improper use of his Mississippi Bar number, the Court will delay his reinstatement to the practice of law until ninety days from the issuance of this Court's mandate.

### 5. Legal Learning

¶25. Louvier's petition indicates that he passed the Multi-State Professional Responsibility Exam with a score of 111 and provided a copy of his National Conference of Bar Examiners score with his petition. Louvier has not taken any continuing legal education courses but referenced his time as a law clerk and process server as maintaining his legal learning.

¶26. The Bar agreed that Louvier has the requisite legal learning to be reinstated to the practice of law. This Court finds that Louvier has met the jurisdictional requirement of legal learning.

### CONCLUSION

10

¶27. This Court finds that Michael M. Louvier has met the jurisdictional requirements established in Rule 12 of the Rules of Discipline for the Mississippi State Bar. The Court reinstates Michael M. Louvier to the practice of law in Mississippi effective ninety days from the date the Court's mandate issues.

¶28. **PETITION OF MICHAEL MARTIN LOUVIER FOR REINSTATEMENT TO THE PRACTICE OF LAW IN MISSISSIPPI IS GRANTED EFFECTIVE NINETY DAYS FROM THE ISSUANCE OF THE COURT'S MANDATE.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**