# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-BR-00315-SCT

*IN RE THE PETITION OF DANIEL ANDREW HASSIN, JR., FOR REINSTATEMENT IN THE MISSISSIPPI BAR: DANIEL ANDREW HASSIN, JR.*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR PETITIONER: | WALTER H. BOONE |
| ATTORNEY FOR RESPONDENT: | KATHRYN A. LITTRELL |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED - 02/22/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     Daniel Hassin was barred from the practice of law on July 12, 2018, after he violated the Mississippi Rules of Professional Conduct. Hassin now petitions the Court for reinstatement. The Mississippi Board of Bar Commissioners supports Hassin's reinstatement. Having reviewed Hassin's submissions, this Court grants Hassin reinstatement to the practice of law in Mississippi.

## FACTS

¶2.     Hassin was disbarred by default judgment effective June 5, 2018, for the violation of Mississippi Rules of Professional Conduct 1.2, 1.3, 1.4, 1.5, 1.15(b), 1.16(d), 8.1(b), 8.4(a) and 8.4(d).  On March 17, 2023, more than three years since the disbarment, Hassin

petitioned for reinstatement. The Bar deposed Hassin on July 12, 2023, and submitted to this Court a response in support of Hassin's petition for reinstatement.

## STANDARD OF REVIEW

¶3.     "This Court 'has exclusive and inherent jurisdiction of matters pertaining to attorney discipline [and] reinstatement[.]'" *Louvier v. Miss. Bar*, 365 So. 3d 193, 196 (Miss. 2022) (alterations in original) (quoting *In re Morrison*, 819 So. 2d 1181, 1183 (Miss. 2001)). "When reviewing disciplinary matters this Court reviews the evidence de novo, on a case-by-case basis sitting as triers of fact." *In re Smith*, 758 So. 2d 396, 397 (Miss. 1999) (quoting *In re Pace*, 699 So. 2d 593, 595 (Miss. 1997)).

## DISCUSSION

¶4.     The requirements for granting Hassin's petition for reinstatement are as follows:

> The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution, (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.

*In re Benson*, 890 So. 2d 888, 890 (Miss. 2004). Also, "[t]his Court considers the Bar's position as to reinstatement as a factor in determining whether to grant reinstatement." *In re Holleman*, 826 So. 2d 1243, 1248 (Miss. 2002).

### I.     Cause for Disbarment

¶5.     Hassin states that the cause for his disbarment was his violation of multiple Mississippi Rules of Professional Conduct that arose from his failure to abide by the terms of a settlement agreement with Connie Gustavsen. Hassin represented Gustavsen in a

divorce matter in April 2014 when he filed a complaint and attended a temporary hearing on her behalf. In 2014, Hassin began struggling with an addiction to intravenous use of crystal methamphetamine, heroin, and Dilaudid. Hassin admits that by December 2014 he was "in the throws [sic] of addiction and less reachable and less responsive." Gustavsen's divorce matter was not completed although Gustavsen had already paid Hassin $2,000. Hassin agreed to refund the $2,000 and made three payments for a total of $825. Gustavsen filed a complaint against Hassin on April 18, 2016, when he failed to pay the full $2,000.

¶6. The Bar requested that Hassin respond to the informal complaint and granted Hassin's request for an extension of time to respond to the complaint. No response was ever filed. Hassin stated that he failed to respond because he was "hopelessly strung out." The Bar unsuccessfully attempted personal service of a formal bar complaint on Hassin and eventually served him via publication in a Rankin County newspaper beginning on February 22, 2017. "Hassin further failed to respond or defend against the Formal Complaint, which resulted in a Default Judgment of Disbarment entered on June 5, 2018." Hassin stated that he "accepts full responsibility for the fact that he did not receive service of the Mississippi Bar's Formal Complaint, that he was not aware of the actions being taken against him, and that he was not aware of notices by publication[.]"

¶7. The Bar summarizes, in its response to Hassin's petition, the rule violations stated in the Default Judgment as follows:

> Rule 1.2, MRPC, which requires a lawyer to abide by a client's decisions concerning the objectives of representation;
>
> Rule 1.3, MRPC, which requires a lawyer to act with reasonable diligence and

3

promptness in representing a client;

Rule 1.4(a), MRPC, which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;

Rule 1.5(a), MRPC, which requires a lawyer's fee to be reasonable;

Rule 1.15(b), MRPC, which requires a lawyer to promptly deliver to the client or third person any funds or other property the client or third party is entitled to receive;

Rule 1.16(d), MRPC, which requires a lawyer, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment that has not been earned;

Rule 8.1(b), MRPC, which prohibits the lawyer from knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority;

Rule 8.4(a), MRPC, which states it is professional misconduct for a lawyer to violate or attempt to violate the rules of professional conduct; and

Rule 8.4(d), MRPC, which states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

¶8.    During the pendency of the Formal Complaint, the Bar received a second informal complaint against Hassin for "failure to secure his confidential client files and trust account records." Hassin had abandoned his office space and left rent outstanding. Accordingly, Hassin's landlord "placed his files and belongings outside the building for collection." The Committee on Professional Responsibility ordered on April 1, 2018, that Hassin be publicly reprimanded for the violation of Rules 1.6(a) and 1.15(a).

¶9.    Hassin admits that these rules were violated and states that he "fully accepts

4

responsibility for his disbarment and the causes leading to that result." Hassin further states that he "fully accepts the reasonableness and necessity of the Default Judgment of Disbarment, which was the culmination of a dark period of his life from which he has now fully emerged."

## II.     Pecuniary Loss

¶10.    Hassin represents the harmed parties were Cratin Luckett, Esq., the landlord who rented him office space, and Gustavsen.

## III.     Amends and Restitution

¶11.    In March 2022, Hassin mailed Gustavsen an apology letter and a check in the amount of $1,833. Hassin represents that he owed Gustavsen a balance of $1,175 and wanted to pay her the balance plus interest. A response from Gustavsen, which is included in the record, states, "Thank you so much for the refund money you sent me. I was not expecting anything and you even included interest!! . . . Again, thank you for the repayment. We're good!"

¶12.    Hassin attempted to make amends with Luckett and was told that his apology alone was sufficient restitution.[1]

¶13.    Hassin was ordered to pay the Mississippi Bar $30 for investigating the informal complaint and $368.84 for prosecution of the Formal Complaint. Hassin has made both those payments, and the Mississippi Bar recommends that Hassin has sufficiently identified and made amends to all injured parties. This Court, likewise, finds that Hassin has

---

[1]Nothing in the record proves this interaction with Luckett. The Bar relied on deposition testimony from Hassin in making its recommendation that sufficient amends had been made.

demonstrated by clear and convincing evidence that he has made proper amends and restitution to the identified parties.

### IV. Moral Character

¶14. Hassin states that he "feels extreme remorse and guilt over his commission of his offenses" and has taken action "to rectify all causes of his addiction and behavior leading to his offenses." Hassin further states that due to this remorse he has set a "path to accountability, self-discipline, substance-abuse recovery, and what he trusts will be acceptable redemption in the eyes of the Bar and this Court."

¶15. Hassin presented his recovery journey to this Court in the record. From 2014 to 2017, Hassin was in and out of different treatment facilities where he would stay for a few weeks and then return to drug use. In January 2017, Hassin connected with City of Refuge, a faith-based treatment center facility, where he participated in treatment, performed different jobs for the facility and developed a relationship with God. Hassin completed treatment at City of Refuge and has been sober since July 17, 2021. While at City of Refuge, Hassin tutored other participants who were attempting to get their GED. In describing this tutoring program, Hassin stated that 'it was one of the first times I felt the benefit of having done something esteemable. And I thought, okay, okay, maybe I'm not a complete failure."

¶16. After City of Refuge, Hassin moved to Oxford House Sober Living in Hattiesburg. From April 2017 to April 2018, Hassin waited tables at a restaurant in Hattiesburg. Then in April 2018, Hassin was offered a job as a paralegal to Ernest Stewart, at Stewart and Associates, where he is currently employed. Hassin moved his residency to the Oxford

House Sober Living in Jackson.

¶17. Hassin served as house president of both Oxford Houses, which required him to oversee and enforce "the protocols of the Oxford House Sober Living system, including accounting oversight, enforcement of employment rules, and administering drug screens where necessary[.]" Hassin also served as chapter chair for the Jackson chapter of Oxford House, which includes overseeing six different houses.

¶18. In his paralegal role at Stewart and Associates, Hassin's "duties include taking intake calls for potential clients; assisting clients with documents and discovery responses; assisting the attorney with scheduling and billing; and attending every hearing mediation, settlement conference and trial with Mr. Stewart." Hassin avers that he has not engaged in the practice of law since his disbarment. Hassin states that his supervising attorney is aware of the specifics regarding his disbarment, his law degrees are not displayed in his office, he does not give legal advice to clients and he only interacts with other attorneys at the direction of his supervising attorney.

¶19. Hassin is a member of the Lawyers and Judges Assistance Program (LJAP) and voluntarily extended his contract with LJAP for an additional five years that began September 8, 2022. This contract requires Hassin to attend twelve-step recovery meetings and to submit to random drug screening. Hassin has accepted speaking engagements at various twelve-step meetings, including Camp LJAP.

¶20. Hassin submits that his greatest contribution to the community is his creation of the Recovery Lab Podcast series, which he uses to "spread awareness of recovery and negate the

stigma for those engaged in recovery[.]" Hassin and his podcast co-host invite different individuals "engaged in recovery, as well as numerous health care providers, all in an effort to promote hope to those suffering from substance abuse disorder/addiction." The podcast has more than fifty episodes, one of which has approximately 30,000 views across different platforms.

¶21. Twelve letters of recommendation were submitted by Hassin, and three additional letters were received by the Bar. All letters supported Hassin's reinstatement.

¶22. This Court finds that Hassin has demonstrated the requisite moral character to grant his petition for reinstatement.

## VI. Legal Knowledge.

¶23. Hassin took and passed the Mississippi Bar Examination in July 2022 and the Multistate Professional Responsibility Exam in November 2021. Hassin listens to Continuing Legal Education seminars with his supervising attorney, and he "regularly review[s] the weekly decisions handed down by the Mississippi Supreme Court and Mississippi Court of Appeals." Further, Hassin's work as a paralegal requires he perform legal research that enables him to stay informed on changes in the law. This Court finds that Hassin has demonstrated the requisite legal knowledge to practice law in Mississippi.

## CONCLUSION

¶24. Finding by clear and convincing evidence that Hassin has taken responsibility for his actions and has demonstrated that he has achieved the moral and professional rehabilitation required for reinstatement, this Court grants Hassin's petition for reinstatement to the

practice of law in Mississippi.

¶25.   **PETITION OF DANIEL ANDREW HASSIN, JR., FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI IS GRANTED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.  KITCHENS, P.J., NOT PARTICIPATING.**